## UNITED STATES v. TAYLOR.

(District Court, E. D. Missouri, E. D. November 19, 1900.)

### No. 4,544.

IMPERSONATION OF UNITED STATES OFFICER—INDICTMENT—DUPLICITY.

Act April 18, 1884, declares that any person who, with intent to defraud either the United States or any person, falsely assumes or pretends to be an officer or employé acting under the authority of the United States, or any officer of the government thereof, and who shall take unto himself to act as such, or who shall, in such pretended character, demand or obtain from any person, or from the United States, or any department or any officer of the government thereof, any money or other valuable thing, shall be deemed guilty, etc. *Held*, that such statute created two offenses: the first of which included as an essential element the use of such assumed position to extort money or property by wrongfully asserting a pretended claim of the United States, and the second comprehending the extortion of money not under the guise of asserting a claim due to the United States, but including the holding out of the offender as an officer for the purpose of giving him such credit as will entitle him to successfully demand money from another for his private use, with intent to defraud; and hence an indictment charging that defendant feloniously, and with intent to defraud H., did falsely assume and pretend to be an officer acting under the authority of the United States treasury department, and did then and there feloniously, and with intent to defraud said H., take upon himself to act as such officer, and as a part of the same sentence including the charge, "and did then and there, in such assumed and pretended character as such officer, demand and receive the sum of $10," was demurrable for duplicity.

James Vincent Taylor was indicted for falsely impersonating a United States officer, and as such unlawfully demanding and receiving of complainant the sum of $10, in violation of Act April 18, 1884. Demurrer to indictment. Sustained.

Edward A. Rozier, U. S. Atty.

Chester H. Krum and Robert L. McLaran, for defendant.

ADAMS, District Judge. A demurrer is interposed by the defendant on the alleged ground of duplicity in the indictment. The indictment is preferred under the provisions of the act of April 18, 1884, which enacts as follows:

"That every person who with intent to defraud either the United States, or any person, falsely assumes or pretends to be an officer or employee acting under the authority of the United States, or any department or any officer of the government thereof, and who shall take upon himself to act as such, or who shall in such pretended character, demand or obtain from any person, or from the United States, or any department or any officer of the government thereof, any money, paper document, or other valuable thing, shall be deemed guilty * * *."

An analysis of this act discloses that two offenses are denounced by it. The first, in the order stated, is falsely impersonating an officer or employé of the United States, and acting as such with intent to defraud either the United States or some person. The first portion of the act, in my opinion, makes an important element of the offense to consist of making use of the assumed or pretended position for the purpose of extorting money or property from an-

other either, for instance, in satisfaction of an alleged claim of the United States, or to secure immunity from punishment for an alleged offense, or for other similar purposes, in which the impersonator, acting under the assumed authority of the United States, undertakes to assert the authority of the United States, and, in so doing, to defraud. The distinguishing feature of this first offense, in my opinion, is the making use of the assumed or pretended position for the purpose of falsely and wrongfully asserting a pretended claim of the United States, and thereby to defraud the person with whom he is dealing, out of money or property. The second offense is falsely impersonating an officer or employé of the United States, and in the pretended or assumed character demanding or obtaining either from the United States, or from some person, any money or valuable thing, with the intent to defraud. The elements of this offense, in my opinion, are more comprehensive, and do not limit the wrongful act to such as extorting money or property from another under the guise of asserting a claim due to the United States, which it is the duty of the offender in his pretended official character to assert, but includes the holding of one's self out as such officer or employé for the purpose, among other things, of giving him such a credit or standing as will enable him to successfully demand or otherwise obtain money from another for his own private use and benefit, and with the intent to defraud. The indictment in this case charges that the defendant "feloniously and unlawfully, with intent to defraud one J. E. Holbroke, did falsely assume and pretend to be an officer or employé acting under the authority of the treasury department of the United States, to wit, a United States detective and secret service operator, and did then and there falsely, and with intent to defraud said J. E. Holbroke, take upon himself to act as such officer or employé so as aforesaid. * * *" The foregoing part of the indictment is manifestly intended to charge the first offense which I have hereinbefore specified. The indictment then proceeds in the same count, and as a part of the sentence already broken, as follows: "And did then and there, in such assumed and pretended character as such officer and employé of the United States, demand and receive the sum of $10, lawful money of the United States." It cannot, I think, be successfully denied that this single count of the indictment undertakes to charge the two separate offenses already seen to be denounced by the act in question, and is therefore bad for duplicity.