## UNITED STATES v. FARNHAM.

(District Court, E. D. Pennsylvania. January 20, 1904.)

### No. 20.

1. OFFICERS—IMPERSONATION—WRONGFULLY OBTAINING MONEY—EVIDENCE.

Defendant, while stopping at prosecutor's hotel as a guest, falsely represented himself to prosecutor as a secret service operative in the employ of the government, and exhibited to prosecutor a metal badge inscribed, "Secret Service, U. S." Ten months thereafter defendant returned and represented himself as a traveling salesman, spending several days at the hotel. Prosecutor believed defendant to be a Freemason, and took special care of him during sickness on that account, after which defendant presented a check which he alleged had been signed by his employer in payment of his salary, and obtained $70 thereon from prosecutor. The check was drawn on a bank which did not exist, was returned unpaid, and prosecutor declared that he cashed the check because he continued to believe defendant was a secret service operative. Held, that such facts were insufficient to sustain a conviction for pretending to be an employé of the United States, and as such knowingly and feloniously obtaining from another a sum of money, etc., prohibited by Act Cong. April 18, 1884 (23 Stat. 11, c. 26; 1 Supp. Rev. St. 425 [U. S. Comp. St. 1901, p. 3679]).

On Motion for New Trial.

James B. Holland and William M. Stewart, Jr., for the United States.

Reynolds D. Brown and Malcolm Lloyd, Jr., for defendant.

J. B. McPHERSON, District Judge. The defendant was convicted upon an indictment drawn under the act of April 18, 1884 (23 Stat. 11, c. 26; 1 Supp. Rev. St. 425 [U. S. Comp. St. 1901, p. 3679]), charging him with the following offense: that he "did, with intent to defraud one Charles Weingartner, feloniously, unlawfully, and falsely assume and pretend to be an officer and employé acting under the authority of the United States, to wit, a secret service operative of the Treasury Department of the United States, and did then and there, in such assumed and pretended character of an officer and employé of the United States as aforesaid, knowingly, willfully, and feloniously obtain from the said Charles Weingartner a large sum of money, to wit, the sum of $70," etc. It has been decided in United States v. Curtain (D. C.) 43 Fed. 433, and in United States v. Taylor (D. C.) 108 Fed. 621, that the act of 1884 creates two distinct offenses; the first one being, where, with intent to defraud the United States or any person, the accused falsely assumes or pretends to be an officer or employé, and also takes upon himself to act as such (that is, to do such an act as would fall within the province of the officer whose character he assumes); and the second offense being, where, in such pretended character, the accused either demands or succeeds in actually obtaining from the

United States or from any person any money, paper, document, or other valuable thing, with a like intent to defraud. As will be observed, the defendant was charged with the second of these offenses only, and the question for consideration now is whether the evidence was sufficient to justify the verdict. It appeared that, about 10 months before the money was obtained from the prosecutor, Weingartner, who was a hotel keeper in the city of Lancaster, the defendant was a guest at the hotel for several days, and while there represented himself as a secret service operative engaged upon the business of the government, and exhibited a metal badge upon which were the words, "Secret Service, U. S." This representation was false; the defendant had never been a member of the secret service; but he made no effort to use the falsehood in order to obtain money from the prosecutor. Ten months afterwards he returned, representing himself now as a traveling salesman, and again spent several days at the hotel. Toward the end of his stay he presented a check, which he said had been signed by his employers in payment of his salary, and obtained $70 thereon from the prosecutor. The check was drawn upon a bank that did not exist, as I recall the testimony; at all events, the check was returned unpaid; and therefore, unless the defendant was himself deceived, as he averred at the trial, the common-law offense of obtaining money under false pretenses was undoubtedly committed. But it seems to me impossible to hold that the offense described by the federal statute of 1884 has been made out by the testimony. It is true, the prosecutor declared that he cashed the check because he continued to believe the statement of the defendant, made nearly a year before, that he was a secret service operative, and for that reason he was influenced to give the defendant credit for uprightness and ability to pay his bills; but I think that such a connection between the false representation and the obtaining of the money is too remote and uncertain to justify a conviction. I do not disagree with the opinion of Judge Adams in United States v. Taylor, supra, concerning the scope of the second offense created by the act of 1884. He uses this language:

"The elements of this offense, in my opinion, are more comprehensive, and do not limit the wrongful act to such as extracting money or property from another under the guise of asserting a claim due to the United States, which it is the duty of the offender, in his pretended official character, to assert, but includes the holding of one's self out as such officer or employé for the purpose, among other things, of giving him such a credit or standing as will enable him to successfully demand or otherwise obtain money from another for his own private use and benefit, with the intent to defraud."

This may be true—the question is not before me—but, assuming it to be true, I think the testimony should be more satisfactory than in the present case. The prosecutor may have had other motives to lead him to part with his money. He believed the defendant to be a Freemason, and had taken special care of him during sickness on that account. They were evidently on friendly terms, not merely on the footing of guest and landlord; and then, too, appeared the additional fact, to which the prosecutor may reasonably be supposed to have given some credit, namely, the presentation of a check apparently

regular, and declared to have been drawn by the defendant's employers.

The verdict must be set aside, and, unless the government sees its way to other evidence than was presented at the trial, and unless the prosecutor desires to make information against the defendant in Lancaster county for an offense against the criminal law of the state, the defendant should, be discharged from confinement.