### UNITED STATES v. RUSH.

(District Court, E. D. Washington, N. D.    April 29, 1912.)

No. 1,235.

1. FALSE PERSONATION (§ 2*)—STATUTES—CONSTRUCTION.

Cr. Code (Act March 4, 1909, c. 321, 35 Stat. 1095 [U. S. Comp. St. Supp. 1911, p. 1598]), § 32, provides that whoever with intent to defraud either the United States or any person shall falsely assume or pretend to be an officer or employé acting under the authority of the United States, or any department, or any officer of the government thereof, and shall take on himself to act as such, or shall in such pretended character demand or obtain from any person or from the United States, or any department, or any officer of the government thereof, any money, paper, document, or other valuable thing, shall be fined. *Held*, that such section defines two offenses—(1) falsely impersonating an officer or employé of the United States, and acting as such with the intent to defraud either the United States or some person; and (2) falsely impersonating an officer or employé of the United States, and in the pretended or assumed character demanding or obtaining either from the United States or from some person any money or valuable thing with intent to defraud.

[Ed. Note.—For other cases, see False Personation, Cent. Dig. § 1; Dec. Dig. § 2.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. FALSE PERSONATION (§ 2\*)—UNITED STATES EMPLOYÉ—STATUTES.

Cr. Code (Act March 4, 1909, c. 321, 35 Stat. 1095 [U. S. Comp. St. Supp. 1909, p. 1598]) § 32, provides that whoever with intent to defraud shall falsely assume or pretend to be an employé acting under the authority of the United States, or any department, or any officer of the government, and shall take on himself to act as such, or shall in such pretended character demand or obtain from any person any money, paper, document, or other valuable thing shall be fined, etc. *Held*, that the intent to defraud was an essential element of the offense, and hence, where prosecutor was induced to purchase certain books by defendant's misrepresentations, that he was an employé acting under the authority of the United States, and prosecutor was not defrauded, but received just what he bargained for, the offense was not committed.

[Ed. Note.—For other cases, see False Personation, Cent. Dig. § 1; Dec. Dig. 2.\*]

Oliver O. Rush was indicted for impersonating an employé acting under the authority of the United States. On demurrer to the indictment. Sustained.

Oscar Cain, U. S. Atty., and E. C. Macdonald, Asst. U. S. Atty. Allen & Allen, for defendant.

RUDKIN, District Judge. The indictment in this case, containing two counts, was returned under section 32 of the Criminal Code of March 4, 1909, which reads as follows:

"Whoever, with intent to defraud either the United States or any person, shall falsely assume or pretend to be an officer or employé acting under the authority of the United States, or any department, or any officer of the government thereof, and shall take upon himself to act as such, or shall in such pretended character demand or obtain from any person or from the United States, or any department, or any officer of the government thereof, any money, paper, document, or other valuable thing, shall be fined not more than one thousand dollars, or imprisoned not more than three years, or both."

The first count of the indictment charges that the defendant did—

"unlawfully, feloniously, and with intent to defraud divers persons, among others J. J. Tilton, falsely assume and pretend that he was an employé acting under the authority of the United States, and did then and there take upon himself to act as such employé, and in this, to wit: That he then and there falsely assumed and pretended to said J. J. Tilton that he was an employé of and authorized by the United States to sell a certain set of books named 'Messages and Papers of the Presidents.'"

The second count charges that the defendant did—

"unlawfully, feloniously, and with intent to defraud divers persons, among others J. J. Tilton, falsely assume and pretend that he was an employé acting under the authority of the United States for the purpose of selling a certain set of books named 'Messages and Papers of the Presidents,' and did then and there take upon himself to act as such employé and did in such assumed and pretended character of an employé of the United States as aforesaid, knowingly, willfully, and feloniously obtain from said J. J. Tilton, a large sum of money, to wit, the sum of ten dollars."

A demurrer has been interposed to the indictment on the ground, among others, that it does not charge facts sufficient to constitute an offense against the laws of the United States, and the parties have stipulated certain facts which it is agreed shall be considered by the

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

court in ruling upon the indictment and as a part of the indictment. From the indictment and the stipulated facts it appears that the defendant is an agent of the Army and Navy Magazine of Washington, D. C., for the purpose of soliciting and obtaining subscriptions for a work or compilation known as "Messages and Papers of the Presidents," which was first published by authority of Act Cong. June 4, 1897, c. 2, 30 Stat. 61. The $10 charged to have been obtained by the defendant in the second count was a part of the purchase price of the books in question, and the representations made by the defendant, if any, were so made in the sale of the books and for the purpose of effecting a sale, and not otherwise.

[1] The act in question defines two different offenses—the first, in the order stated, falsely impersonating an officer or employé of the United States, and acting as such with the intent to defraud either the United States or some person; the second, falsely impersonating an officer or employé of the United States, and in the pretended or assumed character demanding or obtaining either from the United States or from some person any money or valuable thing with intent to defraud. The intent to defraud is an essential element of both crimes. United States v. Curtain (D. C.) 43 Fed. 433; United States v. Bradford (D. C.) 53 Fed. 542; United States v. Taylor (D. C.) 108 Fed. 621, 19 Cyc. 381, 411.

[2] The two counts of the indictment are predicated upon the same facts and grow out of the same transaction, and, unless the purchaser of the books was defrauded under the second count, it will not be claimed that there was an intent to defraud under the first count. The case then resolves itself into this simple proposition: Is a prosecutor defrauded when he gets out of a transaction just what he bargained for simply because his vendor misrepresented the character or capacity in which he acted in making the sale? On both principle and authority I must hold that he is not. Morgan v. State, 42 Ark. 131, 48 Am. Rep. 55; State v. Asher, 50 Ark. 427, 8 S. W. 179; People v. Wakely, 62 Mich. 297, 28 N. W. 871; State v. Matthews, 44 Kan. 596, 25 Pac. 36, 10 L. R. A. 308

In the latter case the court said:

"The charge of committing the offense of obtaining money or property under false pretenses cannot be maintained in any case unless it appears not only that a false pretense was in fact made, but also that it was made with the intention of cheating or defrauding some person, and that such person was in fact cheated or defrauded to his or her injury. These are elementary principles and really require no citation of authorities. * * * "

A similar view was taken by Judge Holt in the United States Circuit Court for the Southern District of New York in United States v. King, no opinion filed, decided December 5, 1911.

However reprehensible the conduct of the defendant may have been, such conduct does not fall within the purview of this statute; and the demurrer must therefore be sustained, and the defendant discharged. It is so ordered.