## UNITED STATES v. BARNOW.

(District Court, E. D. Pennsylvania. March 12, 1915.)

### No. 56.

1. FALSE PERSONATION ⬤⟱1—STATUTES—CONSTRUCTION—FICTITIOUS OFFICER.
    Criminal Code (Act March 4, 1909, c. 321) § 32, 35 Stat. 1095 (Comp. St. 1913, § 10196) making punishable one who, with intent to defraud, shall falsely assume to be an officer or employé acting under authority of the United States, shall take on himself to act as such, or shall in such pretended character demand or obtain from any person or from the United States money or other valuable thing, forbids only the false personation of an existing officer or employé, or of one of a class of officers or employés, and an indictment charging the defendant with personating an employé of the United States acting under its authority as an agent to sell a certain set of books, charges no crime.

    [Ed. Note.—For other cases, see False Personation, Cent. Dig. § 1; Dec. Dig. ⬤⟱1.]

2. FALSE PERSONATION ⬤⟱4—UNITED STATES OFFICER—INDICTMENT—ALLEGATION OF FRAUD.
    An allegation, in an indictment charging the defendant with defrauding another by personating a United States officer, that those who purchased the books from defendant would not have done so, except for his representations that the money paid was to be turned over to the government, and that the entire price paid represented only the cost of binding the books, is not a sufficient allegation of fraud, but shows merely a misrepresentation, not amounting to fraud.

    [Ed. Note.—For other cases, see False Personation, Cent. Dig. § 2; Dec. Dig. ⬤⟱4.]

M. J. Barnow was indicted for falsely personating an officer of the United States, and he demurs to the indictment. Demurrer sustained.

Francis Fisher Kane, U. S. Atty., of Philadelphia, Pa., for the United States.

Henry D. ·Green, of Reading, Pa., and Daniel Thew Wright, of Washington, D. C., for defendant.

THOMPSON, District Judge. The indictment contains six counts under section 32 of the Criminal Code of March 4, 1909 (35 Stat. 1088). At least two separate and distinct offenses are prohibited under the statute: (1) With intent to defraud any person, falsely assuming or pretending to be an officer or employé acting under the authority of the United States, and taking upon himself to act as such. (2) With intent to defraud any person, falsely assuming or pretending to be an officer or employé acting under the authority of the United States, and in such pretended character demanding or obtaining from any person any money or other valuable thing. United States v. Taylor (D. C.) 108 Fed. 621; United States v. Farnham (D. C.) 127 Fed. 478.

The odd-numbered counts, 1, 3 and 5, are based upon the first, and the even-numbered counts, 2, 4 and 6, are based upon the second, of the above-named offenses. Beginning with the first and second, each pair of counts charges the respective offenses on different dates and with intent to defraud different persons. The odd-numbered counts charge that the defendant, with intent to defraud a certain person named, did falsely pretend to be an employé of the United States acting under the authority of the United States, to wit, an agent employed by the government to sell a certain set of books entitled "Messages and Papers of Presidents," and did then and there take upon himself to act as such agent, in this: That he then and there visited the person named and falsely pretended to him that he was such an employé of the United States employed as aforesaid for the purpose aforesaid, contrary, etc.

[1] It was admitted by the district attorney at the argument that there was not in existence such an employé or such an employment as that of an agent employed by the government to sell the books in question, and it is contended by counsel for the defendant that the indictment does not, therefore, come within the intent of the act, nor within the limitations of the legislative powers of Congress. I think the question raised by the demurrer can be determined upon the language and intent of the act as construed by the courts, without passing upon the question as to whether it is within the constitutional power of Congress to prohibit the acts described in the indictment. The gist of the offense is the false impersonation of an officer or employé of the United States. The false impersonation of another was made punishable at common law, and Congress undoubtedly has the power to punish the false impersonation of an officer or employé of the United States. Littell v. United States, 169 Fed. 620, 95 C. C. A. 148.

False personation is the offense of falsely representing some other person and acting in the character thus unlawfully assumed in order to deceive others and thereby gain some profit or advantage. And under the construction of the act adopted in the Littell Case and in

the Taylor Case, supra, the offense includes holding one's self out as such officer or employé for the purpose, among other things, of giving him such a credit or standing as will enable him to successfully demand or otherwise obtain money or other valuable thing from another for his own private use and benefit, with the intent to defraud. It may well be that, in addition to prohibiting the personation of a government officer or employé, and thereby obtaining credit and standing for the purpose of imposing upon individuals, Congress might prohibit any person, with intent to defraud, from falsely representing that he is in the employ of the United States. To constitute the offense of false personation, however, there must be personation of some particular person or class of persons, and there cannot be a false personation of a supposititious individual, who has never existed, or whose class has never existed. See 19 Cyc. page 380, and cases there cited.

That Congress did not intend to broaden the scope of the act by extending it beyond the false personation of its officers or employés is apparent from an examination of its language. If the acts charged in the indictment were intended to be included, Congress could have used apt language to make it an offense to falsely assume or pretend to be employed in some pretended capacity and to pretend to be acting under pretended authority of the United States. As the offense is expressed in the act, it is directed against the false assumption or pretense to be one who is actually an officer or employé acting under the authority of the United States, and I think this is borne out by the following language:

"And shall take upon himself to act as such or shall in such pretended character demand or obtain," etc.

It is apparent, therefore, that Congress intended to punish false impersonation of its officers or employés, and did not intend to include within federal offenses any mean and petty artifice used by salesmen, consisting merely of a false representation as to some supposititious employment by the government. The same reasoning applies to the charge in the even-numbered counts.

[2] Before finally disposing of the case, reference may be made to the charge of fraud in the even-numbered counts. These counts were drawn having in view the case of United States v. Rush (D. C.) 196 Fed. 579. I entirely agree with the conclusion of Judge Rudkin in that case, and am of the opinion that the pleader has not met by the additional averments the objection to the allegations there under consideration. There is no allegation in the indictment to sustain a charge that the person alleged to be defrauded was deprived of any right, interest, or property or that he was cheated or overreached. The mere fact that the purchasers would not have given the defendant their money on account of the books, unless they had supposed it was to be paid over to the government on account of the subscription price of the books to be furnished, or that it was falsely stated that the entire price represented only the cost of binding the books, is not sufficient to sustain an allegation of fraud. At most it was a mere false representation which did not amount to fraud.

The demurrer to the indictment is sustained.