**ELLIOTT v. HUDSPETH, Warden.**

No. 1993.

Circuit Court of Appeals, Tenth Circuit.
March 12, 1940.

George M. Ashford, of Wichita, Kan., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order denying a petition for a writ of habeas corpus.

Petitioner was charged in the District Court of the United States for the Western District of Louisiana by indictment containing three counts, with violations of 18 U.S. C.A. § 76.[1]

---

[1] 18 U.S.C.A. § 76 reads as follows:

"Whoever, with intent to defraud either the United States or any person, shall falsely assume or pretend to be an officer or employee acting under the authority of the United States, or any department, or any officer of the Government thereof, and shall take upon himself to act as such, or shall in such pretended character demand or obtain from any person or from the United States, or any department, or any officer of the Government thereof, any money, paper, document, or other valuable thing, shall be fined not more than $1,000, or imprisoned not more than three years, or both."

Petitioner, at his own request, was removed from the United States Penitentiary at Leavenworth, Kansas, to the District Court of the United States for the Western District of Louisiana, where he entered pleas of guilty to each count of the indictment. He was sentenced to a term of five years to commence at the expiration of the term he was then serving in the United States Penitentiary at Leavenworth, Kansas.

Count 1 of the indictment charged that on or about January 26, 1935, in the Western District of Louisiana, petitioner, with intent to defraud E. C. Gibson, did knowingly, wilfully, unlawfully, feloniously, and falsely assume and pretend to be an officer and employee, acting under the authority of the United States, namely, an engineer in the employ of the United States Geodetic Survey, Soil Erosion Service, and did take upon himself to act as such.

Count 2 charged that petitioner, at the same time and place, with intent to defraud E. C. Gibson, did knowingly, wilfully, unlawfully, and feloniously, in such pretended character of officer and employee, claiming to act under the authority of the United States as set forth in count 1, demand from Gibson a thing of value, to-wit, the sum of $10. The third count charged the same facts as count 2 except that it averred that petitioner obtained from Gibson a thing of value, to-wit, the sum of $10.

Petitioner contends that the several counts of the indictment fail to charge an offense because there is no such federal officer or employee as an engineer in the United States Geodetic Survey, Soil Erosion Service, and that if they charge an offense, it is but a single offense and the sentence is excessive.

 There is a United States Coast and Geodetic Survey, with engineers commissioned as naval officers,[2] but even if there were no such department or agency of the United States, and the whole pretense were false, the statute was violated. See United States v. Barnow, 239 U.S. 74, 76, 77, 36 S. Ct. 19, 60 L.Ed. 155, and Lamar v. United States, 241 U.S. 103, 113-116, 36 S.Ct. 535, 60 L.Ed. 912.

The statute defines two separate and distinct offenses, one, the assuming and pretending to be an officer or employee acting under the authority of the United States and taking it upon himself to act as such, the other, in such pretended character, demanding or obtaining any money, paper, document, or other valuable thing. See United States v. Barnow, supra.

It is clear that count 1 charges the first offense defined in the statute and that counts 2 and 3 charge the second offense defined in the statute. It follows that the sentence was not excessive.

The order is affirmed.