**GRAHAM v. SQUIER, Warden.**

No. 577.

District Court, W. D. Washington, S. D.

Feb. 11, 1944.

Allan Lee Graham, pro se.

J. Charles Dennis, U. S. Atty., and Guy A. B. Dovell, Asst. U. S. Atty., both of Tacoma, Wash., for respondent.

LEAVY, District Judge.

The petitioner herein is serving an aggregate sentence of five years, imposed upon him on his plea of guilty to two counts in an indictment charging a violation of 18 U.S.C.A. § 76. The maximum sentence that can be imposed for a single offense under this section is three years. Sentence was imposed in this case on two counts and began to run on the 7th day of June, 1941.

It is the petitioner's contention that he committed but a single offense, even though he plead guilty to the offenses charged in the two counts. If this be a fact, then, making allowance for good time, he would be entitled to release on parole, under a maximum sentence of three years provided in the statute. He has further shown that his prison record is such that he has not forfeited his good time allowance.

The counts of the indictment herein involved are numbered I and III. Both counts are drawn in the language of the statute. Count I charges the petitioner:

"With intent to defraud one Frank X. Farry, did unlawfully, wilfully, knowingly and feloniously falsely assume and pretend to be an officer and employee, acting under the authority of the United States of America, to-wit: A Major, Air Corps, United States Army of America, and said defendant then and there did unlawfully, wilfully, knowingly and feloniously *take upon himself to act as said officer and employee.*" (Italics supplied.)

Count III charges that petitioner, at the same time and place:

"With intent to defraud one Frank X. Farry, did unlawfully, wilfully, knowingly and feloniously falsely assume and pre-

tend to be an officer and employee acting under authority of the United States of America, a Major, Air Corps, United States Army of America, and in such pretended character did unlawfully, wilfully, knowingly and feloniously *obtain from said Frank X. Farry, a thing of value, to-wit: $25.00 good and lawful money of the United States of America.*" (Italics supplied.)

The sentence imposed on Count I was three years, and that upon Count III was two years, the sentences to run consecutively and not concurrently.

Upon hearing on the return to the Show Cause Order issued herein, the petitioner offered the only oral evidence that was submitted.

From the petitioner's testimony, the Court finds the facts to be that on the 6th day of May, 1941, he entered a business establishment of one Frank X. Farry, who dealt in household furnishings and hardware in the town of Sutter, California. He introduced himself to Mr. Farry as "Major Patrick of Moffatt Field"—Moffatt Field being an Army Air Base nearby. At the time he wore civilian clothes. He told Mr. Farry that he was being assigned to Moffatt Field, had leased a house in the community, as a personal residence, and desired to furnish it for the occupancy of himself and family. He selected several articles of furnishings, and, at the conclusion of the transaction, he asked Mr. Farry if he would accommodate petitioner by cashing a personal check for him in the sum of $25, as the bank had closed for the day. Mr. Farry agreed to do this, and the petitioner thereupon made a check drawn on the Branch Bank of America, in Sutter, and signed the check "Bernard F. Patrick" or "B. F. Patrick". Mr. Farry thereupon gave the petitioner $25, took the check, and in due course of business it was presented to the bank upon which it was drawn, and was dishonored, as there were no funds in the account.

The petitioner, in his original petition herein, contended that Section 76, supra, defines but a single offense, and relied upon United States v. Rush, D. C., 196 F. 579. When advised that the Rush case had been overruled in United States v. Barnow, 239 U.S. 74, 36 S.Ct. 19, 60 L.Ed. 155, and numerous other cases that have since followed, he asked and was given permission to file an amended petition, in which petition he contended that the facts as heretofore enumerated constituted but a single offense, even though Section 76, supra, defines two separate and distinct offenses, and, therefore, he is being subjected to double jeopardy, in violation of the 5th Amendment to the Constitution of the United States, by the imposition of two consecutive sentences for but one offense.

The amended petition was demurred to by the respondent herein, which demurrer was overruled, and the case was considered upon the amended petition. The Government did not offer any evidence, but contented itself in relying upon the fact that the evidence of the petitioner disclosed two separate and distinct offenses.

The Court finds from the petitioner's evidence that at the time he became involved in this trouble he was a lawyer and a member of the bar of the State of California; that due to domestic difficulties he was and had been for some time previous to his arraignment suffering great mental remorse and indulged in the excessive use of intoxicants. The Court, however, can not find that by reason of these facts he was not mentally in a condition to raise the question of double jeopardy at the time of his arraignment. He voluntarily entered his plea of guilty to the two counts of the indictment here in question, and at the time sentence was imposed the American Legion sent down as a "Comrade Counsel", a lawyer, who explained to the Court that, while he was appearing as counsel of record for the petitioner, it was only for the purpose of saying what he could concerning the petitioner's physical and mental condition.

Accepting these facts, do they support the two offenses charged?

The essential elements that establish the charge in Count I are:

1. The petitioner intended to defraud the person named in the indictment.

2. That he assumed and pretended to be a federal officer, acting under the authority of the United States;

3. That he took it upon himself to act as such.

The essential elements of the charge in Count III are:

1. That petitioner intended to defraud the person named in the indictment;

2. That he assumed and pretended to be a federal officer, acting under authority of the United States;

3. That he obtained a thing of value, to-wit: $25, from the person he sought to defraud.

In Pierce v. United States, 6 Cir., 86 F. 2d 949, 951, among other things, there was involved the sufficiency of an indictment based upon the statute here under consideration, and the Court said:

"That the statute creates and describes two separate and distinct offenses has long been settled. One consists of falsely assuming or pretending to be an officer or employee * * * and the taking upon one's self to act as such with intent to defraud, and the other consists of a false assumption or pretense with intent to defraud, and in such pretended character demanding or obtaining money from any person."

In Elliott v. Hudspeth, 10 Cir. 110 F.2d 389, 390, the Court said:

"The statute defines two separate and distinct offenses, one assuming and pretending to be an officer or employee. acting under authority of the United States and *taking it upon himself to act as such,* the other, in such pretended character *demanding or obtaining any money, paper, document, or other valuable thing."* (Italics supplied.)

The petitioner, by taking it upon himself to act as a Major, Air Corps, United States Army, did that which constitutes the third element of the offense charged in Count I, and when we add to the proof required to establish Count I, the further fact of obtaining $25 from the person defrauded, we have the third element of Count III.

In support of the contention that the two criminal acts set forth in the indictment require identical proof to sustain them, and grow out of but one transaction, the petitioner cites the cases of Dimenza v. Johnston, 9 Cir., 130 F.2d 465, and United States v. Noveck, 273 U.S. 202, 47 S.Ct. 341, 71 L.Ed. 610. In the Noveck case, supra, the Court expressly stated that if there is involved an element in the one offense not found in the other, even though they arise out of the same transaction or act, there would still be two offenses.

In the Dimenza case, being a habeas corpus proceeding, in the Ninth Circuit, the Court said [130 F.2d 466]:

"The test in determining whether more than one offense is charged in an indictment or denounced by statute is whether or not each supposed offense requires proof of some fact which the others do not."

If the position of the petitioner were adopted, and the Court actually found from the facts that there was but one offense committed by his course of conduct, there is a grave question as to whether he is in a position to raise the issue of double jeopardy.

In Kelly v. Johnston, 128 F.2d 793, 794, Ninth Circuit, habeas corpus proceeding, the Court said:

"It may be that the testimony of the appellant and his confession as to where he obtained the money and stamps are the truth and that if so neither the money nor stamps were mail matter within the contemplation of § 197, but that question is foreclosed by the judgment and conviction."

The Court further said:

"If there is a federal offense which the indictment apparently attempts to charge, and the court has jurisdiction over such offense and over the person of the accused, the sufficiency of the indictment is not open to challenge on habeas corpus."

In Kelly v. United States, 9 Cir., 138 F. 2d 489, Kelly again brought his problem before the courts in an action where he sought by motion to vacate and set aside the judgment involved in the earlier habeas corpus proceedings. This was likewise denied, and in both instances it was stated that the only relief available to Kelly was executive clemency.

In Levin v. United States, 9 Cir., 5 F.2d 598, 600, the Court said in reference to double jeopardy:

"It is uniformly held that the constitutional immunity from second jeopardy is a personal privilege, which may be waived, that the waiver may be either express or implied, that it is always implied when there is failure to raise the objection at the first opportunity, and that it comes too late when raised for the first time on motion in arrest of judgment."

In this case, I find, therefore, that the facts as stated by the petitioner support the charges in Count I and Count III of the indictment to which he plead guilty, and I also find that the law, as indicated by the passages from the cited cases, would not entitle petitioner to relief by writ of habeas corpus, even though the facts upon which his conviction rests did not support both counts. His only remedy for

relief would be through executive clemency, and not by a collateral attack upon a judgment valid on its face, made by a court of general jurisdiction, properly having before it both the person and subject matter involved.

The petition herein will be dismissed. An order accordingly may be presented, and the petitioner will be allowed an exception thereto.

A copy of this opinion will be mailed by the clerk of this Court to the petitioner at the United States Penitentiary, McNeil Island, Washington, and the petitioner will be notified as to the date when the Order of Dismissal is entered herein.