### SHEPHERD v. UNITED STATES.
#### No. 4278.

United States Court of Appeals
Tenth Circuit.

Sept. 17, 1951.

Rehearing Denied Oct. 3, 1951.

Gordon A. Shepherd filed a brief pro se.

Lester Luther, U. S. Atty., Malcolm Miller, and Eugene W. Davis, Asst. U. S. Attys., Topeka, Kan., for the United States.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PER CURIAM.

Shepherd was charged by indictment containing four counts. Only counts three and four are here material. Count three charged that Shepherd "with intent to defraud one Eva Bankston of Wichita, Kansas, falsely pretended to be a Commander in the United States Navy, acting under orders from the United States Navy, and took upon himself to act as such." The fourth count charged that Shepherd "with intent to defraud one Eva Bankston of Wichita, Kansas, falsely pretended to be a Commander in the United States Navy, acting under orders from the United States Navy, and in such pretended character demanded and obtained from the said Eva Bankston at Wichita, Kansas, a thing of value, to-wit: $50.00." Shepherd was tried and convicted on counts three and four and sentenced to imprisonment for a term of two years on count three and a term of two years on count four, the sentences to run consecutively.

Shepherd filed an application for a writ of habeas corpus. The trial court refused to entertain the application as such because the applicant failed to make it appear that

the remedy by motion under 28 U.S.C.A. § 2255 was inadequate or ineffective to test the legality of his detention. The trial court, however, treated the application for the writ as a motion, filed under § 2255, to vacate the sentences under which Shepherd is confined and after a hearing refused to vacate such sentences.

Shepherd has appealed.

The only substantial question presented is whether counts three and four of the indictment charged two separate and distinct offenses. Petitioner asserts that each count charged the same offense.

The indictment is predicated on 18 U.S.C.A. § 76 (Revised Criminal Code, 18 U.S.C.A. § 912). We have held that the statute defines two separate and distinct offenses: One, the assuming and pretending to be an officer or employee acting under the authority of the United States and taking it upon himself to act as such; the other, in such pretended character demanding or obtaining any money, paper, document, or other valuable thing.[1] Count three charged the first offense defined in the statute and count four charged the second offense defined in the statute. Each charged an offense separate and distinct from the offense charged in the other. Accordingly, we conclude that the sentences are valid.

Affirmed.

---

1. Elliott v. Hudspeth, 10 Cir., 110 F.2d 389, 390. See, also, United States v. Lepowitch, 318 U.S. 702, 704–705, 63 S.Ct. 914, 87 L.Ed. 1091.