**NEWMAN v. UNITED STATES.**
**No. 11973.**

United States Court of Appeals,
Sixth Circuit.
May 10, 1954.

---

James E. Newman, pro se, Atlanta, Ga.

John C. Crawford, Jr., James M. Meek, Knoxville, Tenn., for appellee.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

Appellant was indicted for violating Sections 912 and 913, Title 18 U.S.Code. Section 912 provides that whoever falsely assumes or pretends to be an officer acting under the authority of the United States, and acts as such, or in such pretended character demands or obtains any money or thing of value, shall be subject to fine and imprisonment. Section 913 provides that whoever falsely represents himself to be an officer of the United States and in such assumed character arrests or detains any person or searches the person, buildings, or other property of any person, shall be subject to fine and imprisonment.

The first three counts of the five-count indictment were under Section 912. Count 1 charged that the appellant on or about February 11, 1950, falsely assumed and pretended to be an agent of the Alcohol Tax Unit, "and acted as such." Count 2 charged that the appellant on or about February 11, 1950, falsely assumed and pretended to be an agent of the Alcohol Tax Unit, "and in such pretended character demanded a thing of value." Count 3 charged that the appellant on or about February 11, 1950, falsely assumed and pretended to be an agent of the Alcohol Tax Unit, "and in such pretended character obtained approximately $550.00 in money, two watches valued at $100.00 and a diamond ring valued at $1200 from Clifford Lynn Buckner and Ralph Robert Buckner."

The 4th and 5th counts were under Section 913. Count 4 charged that the appellant on or about February 11, 1950, falsely represented himself to be an officer of the United States, "and in such assumed character detained Cliff Lynn Buckner and Ralph Robert Buckner." Count 5 charged that the appellant on or about February 11, 1950, falsely represented himself to be an officer of the United States, "and in such assumed character searched the persons and the residence of Cliff Lynn Buckner and Ralph Robert Buckner."

Following a plea of guilty, the defendant was sentenced on June 21, 1951 to three years on each of the 1st, 2nd and 3rd counts, said sentences to run concurrently, and to three years on each of the 4th and 5th counts, said sentences to run concurrently with each other and to begin at the expiration of the sentences under the 1st, 2nd and 3rd counts.

On May 11, 1953, the appellant filed the present proceedings under Section 2255, Title 28 U.S.Code, to vacate the sentences on the ground that all of the alleged offenses arose out of the same transaction and that the cumulative sentences under the five counts constituted

double punishment for the same offense and were illegal under the Fifth Amendment of the Constitution. The District Judge overruled the motion to vacate, from which ruling this appeal was taken. Appellant also contends on the appeal that the District Court erred in failing to require his presence upon the hearing of the motion.

Since the sentences under the first three counts under Section 912 run concurrently, and the sentences under the last two counts also run concurrently with each other, we are not concerned with whether Counts 1, 2 and 3 charged separate offenses under Section 912, or whether Counts 4 and 5 charged separate offenses under Section 913. Our problem is whether the offenses, or one of them, charged under Section 912 were separate and distinct from the offenses, or one of them, charged under Section 913, and whether separate sentences can be imposed under Counts 4 and 5, nonconcurrent with the sentences under Counts 1, 2 and 3.

It is well settled that separate offenses may arise out of the same transaction, the test being whether one of the alleged offenses requires proof of some fact or element not required to establish the other. Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153; Schmeller v. United States, 6 Cir., 143 F.2d 544, 549. If different or additional evidence is required the two offenses are separate and separate sentences may be imposed for each offense. Albrecht v. United States, 273 U.S. 1, 11, 47 S.Ct. 250, 71 L.Ed. 505; Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306. If the same evidence will prove both of the alleged offenses, separate sentences cannot be imposed. Mathis v. United States, 6 Cir., 200 F.2d 697; Rutkowski v. United States, 6 Cir., 149 F.2d 481.

We are of the opinion that the offenses charged in the separate counts of the indictment are separate offenses. United States v. Lepowitch, 318 U.S. 702, 704, 63 S.Ct. 914, 87 L.Ed. 1091; Pierce v. United States, 6 Cir., 86 F.2d 949, 951; Shepherd v. United States, 10 Cir., 191 F.2d 682, 683; Elliott v. Hudspeth, 10 Cir., 110 F.2d 389, 390; Kane v. United States, 8 Cir., 120 F.2d 990, 992. The evidence necessary to prove the allegations of Counts 4 and 5 is different from the evidence necessary to prove the allegations of Counts 1, 2 and 3. Although the separate offenses arose out of the same transaction, they are nevertheless separate offenses, and punishment for each does not constitute double punishment prohibited by the Fifth Amendment to the Constitution. Morgan v. Devine, supra; Albrecht v. United States, supra; Blockburger v. United States, supra: Shepherd v. United States, supra; McDade v. United States, 6 Cir., 206 F.2d 494; Herndon v. United States, 4 Cir., 207 F.2d 412.

Since only a question of law was involved, appellant was not entitled to be present for the purpose of testifying; Garcia v. United States, 9 Cir., 197 F.2d 687; Tatum v. United States, 9 Cir., 204 F.2d 324. Compare United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232.

The judgment is affirmed.