UNITED STATES of America, Plaintiff,

v.

Arthur B. CARR, Jr., Defendant.

Crim. No. 12978.

United States District Court
N. D. California, N. D.

May 8, 1961.

Robert E. Woodward, Asst. U. S. Atty., Sacramento, Cal., for plaintiff.

Joseph Q. Joynt, Sacramento, Cal., for defendant.

HALBERT, District Judge.

Defendant has filed a motion to dismiss the indictment returned by the Grand Jury in this case on the ground of duplicity (Federal Rules of Criminal Procedure, Rules 8(a) and 12(b)(2), 18 U.S.C.A.). The indictment charges, in pertinent part, that:

" * * * defendant herein, unlawfully, knowingly and wilfully and with intent to defraud[1] McClellan Officers "Open Mess, did falsely assume and pretend to be an employee of a Department of the United States, to wit: A First Lieutenant in the United States Marine Corps, Department of the Navy, and in such pretended character did unlawfully, wilfully and fraudulently[1] obtain from said Officers Open Mess the sum of $50.00 good and lawful money of the United States."

The indictment is patently sufficient to state an offense under Title 18 U.S.C. § 912. Defendant, as a matter of fact, contends that it is sufficient to charge two offenses under Title 18 U.S. C. § 912. He is, however, mistaken in this contention. Title 18 U.S.C. § 912 does, of course, define two separate offenses (See: Shepherd v. United States, 10 Cir., 191 F.2d 682; Elliott v. Hudspeth, 10 Cir., 110 F.2d 389; and Graham v. Squier, D.C., 53 F.Supp. 881), but the indictment in this case charges only one of those offenses.

---

1. The portion of the indictment in the instant case which charges that the act was done "with intent to defraud," and which charges that defendant "fraudulently" obtained the money, is actually surplusage (Title 18 U.S.C. § 912: See: United States v. Meeker, D.C., 110 F. Supp. 743; and United States v. Lepowitch, 318 U.S. 702, 63 S.Ct. 914, 87 L.Ed. 1091). As such it is harmless and not only may, but will, be disregarded and withdrawn from the consideration of the finders of fact (Ford v. United States, 273 U.S. 593, 47 S.Ct. 531, 71 L.Ed. 793; Himmelfarb v. United States, 9 Cir., 175 F.2d 924; United States v. Apex Distributing Co., D.C., 148 F.Supp. 365; See: Chargois v. United States, 9 Cir., 267 F.2d 410; and Haakinson v. United States, 8 Cir., 238 F.2d 775). The Government will not be required, or permitted to prove this portion of the charge, and the defendant will not be required to defend this portion of the charge.

The first offense defined by the statute is that of falsely assuming or pretending to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acting as such (Elliott v. Hudspeth, supra; and Shepherd v. United States, supra). The second offense is that of falsely assuming or pretending such character, and in such pretended character demanding or obtaining any money, etc. (Shepherd v. United States, supra).

Since the indictment in the instant case does not charge that defendant "acted as such," either in those or similar words, it is not sufficient to state the first type of offense (See: Graham v. Squier, supra). As defendant has quite properly pointed out, the indictment in the instant case is sufficient to charge the second type of offense.

The Court held that the fourth count of the indictment in Shepherd v. United States, supra, stated an offense of the second type under Title 18 U.S.C. § 912. The indictment in the instant case is, for all practical purposes, in the same form as that of the fourth count of the Shepherd case. What has been said of the fourth count of the Shepherd case is also true insofar as the third count of the indictment in Graham v. Squier, supra, and the second and third counts of the indictment in Elliott v. Hudspeth, supra, are concerned. It may also be noted that the indictment in the instant case differs from count three of the Shepherd indictment in that the language "and took upon himself to act as such" is omitted from the indictment here under consideration. The indictment in the instant case differs from the first count of the indictment in the Graham case and from the first count of the indictment in the Elliott case for the same reasons.

Finally, the indictment in the instant case differs from the indictment in United States v. Taylor, D.C., 108 F. 621, 622 in which case the indictment in one and the same count charged that the defendant did "pretend to be" a United States officer, did *"take upon himself to act as such officer," and* in such assumed and pretended character did "demand and receive" certain money. The indictment in the Taylor case was properly held to be duplicitous. The indictment in the instant case is not duplicitous because it nowhere charges that defendant *acted as such officer.*

It is, therefore, ordered that defendant's motion to dismiss the indictment herein be, and the same is, hereby denied.