**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Earl MILTON, Defendant-Appellant.**

**No. 345–69.**

United States Court of Appeals, Tenth Circuit.

Feb. 10, 1970.

Hubert H. Bryant, Asst. U. S. Atty. (Nathan G. Graham, U. S. Atty., and Robert P. Santee, Asst. U. S. Atty., on the brief), for appellee.

Joseph A. Sharp, of Best, Sharp, Thomas & Glass, Tulsa, Okl., for appellant.

Before BREITENSTEIN and HOLLOWAY, Circuit Judges, and CHRISTENSEN, District Judge.

BREITENSTEIN, Circuit Judge.

On trial to the court without a jury, defendant-appellant Milton was found guilty of violating 18 U.S.C. § 912. He appeals from the judgment of sentence.

The indictment charged that the defendant falsely pretended to be an agent of the Federal Bureau of Investigation and in such pretended character obtained $130 from Catherine Copeland. Section 912 provides that one who falsely pretends to be an officer or employee of the United States and acts as such or in such pretended character obtains money shall be punished by fine or imprisonment.[1]

---

1. Section 912, Title 18, U.S.C., reads: "Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined not more than $1,000 or imprisoned not more than three years, or both."

■ We have held that the statute states two separate and distinct offenses. One is that of assuming and pretending to be an officer or employee of the United States and acting as such. The other is demanding or obtaining any money, paper, document, or other valuable thing in such pretended character. Shepherd v. United States, 10 Cir., 191 F.2d 682, 683, and Elliott v. Hudspeth, 10 Cir., 110 F.2d 389, 390. Here, the only charge was that of obtaining money in the pretended character.

■ The evidence shows that the defendant represented himself to be an agent of the Federal Bureau of Investigation. The representations were made in Tulsa, Oklahoma, to members of the Barker family and a friend. A married daughter, Catherine Copeland, gave him $130. She testified that defendant told her that he needed the money to get to New York so that he could hold his job and would repay her out of his own funds. The defendant denied that he represented himself as an F.B.I. agent and testified that he had an illicit relationship with Mrs. Copeland who gave him the money "to get out of Tulsa." Mrs. Copeland denied the relationship.

The defendant made no request under Rule 23(c), F.R.Crim.P., that the court find the facts specially. In his argument after the evidence was in, defense counsel urged that there was no evidence that the defendant ever requested the money or used his authority as an F.B.I. agent to get it. The court's statement of its findings and conclusions was:

"Well, it is amusing and it's ridiculous, it's fantastic, it's horrible and it's disgusting.

The question of whether or not Milton had relations with Katherine (sic) is not before the Court. The question of why she got and gave him $130 is not before the Court.

The only question is, did he represent himself to be an employee of the Federal Government and especially the FBI, the Federal Bureau of Investigation?

From all of this testimony, to me there is no doubt but what the defendant did represent himself to be an FBI agent. How a stranger like this could be taken into a home like he was and all the circumstances surrounding it, is almost unbelievable to the Court; but they all said that they did and the Court has no right to disbelieve the Barkers, or the plaintiff's witnesses in this regard.

It will be the finding and holding of the Court that the defendant is guilty as charged in the indictment."

The trial court misconceived the charge made in the indictment when it said that the question of obtaining money was not before it and that the only question was whether the defendant represented himself as a federal employee. A finding of representation alone does not satisfy either the statute or the indictment. The offense was not committed unless the money was obtained "in such pretended character." The court failed to recognize this essential element of the offense.

■ The government seeks to avoid the effect of the misconception by reliance on the general finding of guilt as charged in the indictment. Such general finding falls when the record affirmatively shows that it is unsupported by critical specific findings.

■ Counsel for the government have not raised the point of noncompliance with Rule 23(c). Ordinarily, such compliance is necessary to raise a special issue on appeal. We believe that in the circumstances of this case noncompliance with Rule 23(c) does not foreclose the defendant from raising the point on appeal. See Wilson v. United States, 9 Cir., 250 F.2d 312, 325. The failure of the trial court to recognize the charge and its essential elements is plain error which affects the substantial rights of the defendant. See Rule 52(b), F.R. Crim.P.

Reversed.