## BAAS et al. v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
April ·6, 1928.

No. 5255.

1. **False personation ⬗2—Falsely pretending to be United States officer with intent to defraud is not offense without overt act (Cr. Code, § 32 [18 USCA § 76]).**

Falsely pretending to be officer or employee of United States with intent to defraud is not enough to warrant conviction under Criminal Code, § 32 (18 USCA § 76), creating offenses of falsely pretending to be United States officer with intent to defraud and acting as such, and of demanding and obtaining something of value with same intent and pretense, since overt act is necessary to complete either offense.

2. **Indictment and information ⬗110(3)—Indictment following statute in charging statutory offense is sufficient if it shows every element of offense and advises accused of what he has to meet.**

In charging statutory offense, it is usually sufficient to track statute, provided doing so sets forth every element of offense and indictment advises accused of what he has to meet to present defense.

3. **False personation ⬗4—Indictment for impersonating federal prohibition officer with intent to defraud held insufficient for failure to charge overt act (Cr. Code, § 32 [18 USCA § 76]).**

Indictment under Criminal Code, § 32 (18 USCA § 76), charging that defendant pretended to be federal prohibition officer "and to be acting under the authority of the United States," with intent to defraud another of $150, held insufficient for failure to charge equivalent of statutory provision that he "take upon himself to act as such."

4. **Indictment and information ⬗71—Act completing offense must be set out with reasonable certainty and not by inference.**

Good pleading requires that act committed which completes offense should be set out with reasonable certainty and not by inference in order to charge offense.

5. **Criminal law ⬗192—On appeal from conviction for impersonating federal officer with intent to defraud, ruling that indictment was insufficient held not bar to another indictment (Cr. Code, § 32 [18 USCA § 76]; Rev. St. § 1044, as amended by Act Dec. 27, 1927 [18 USCA § 582]).**

On appeal from conviction under Criminal Code, § 32 (18 USCA § 76), for impersonating federal officer with intent to defraud, ruling that indictment was insufficient for failure to charge overt·act held not bar to another indictment, under Rev. St. § 1044, as amended by Act Dec. 27, 1927 (18 USCA § 582).

In Error to the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Philip Baas and another were convicted of pretending to be prohibition officers with intent to defraud another of a sum of money, and they bring error. Reversed.

Hugh M. Wilkinson and Henry Fallon, both of New Orleans, La., for plaintiffs in error.

Wayne G. Borah, U. S. Atty., and Edmond E. Talbot, Asst. U. S. Atty., both of New Orleans, La.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellants were convicted of violating section 32, United States Criminal Code (18 USCA § 76), on an indictment which, omitting jurisdictional and other formal averments, charges that they "did unlawfully, willfully, knowingly, feloniously and falsely assume and pretend each of them to be an officer and employee of the government of the United States, and to be acting under the authority of the United States, to wit, officers and employees of the Bureau of Prohibition, namely, federal prohibition officers, with the intent then and there to defraud one Paul Stropolo of the sum of one hundred and fifty ($150.00) dollars."

Error is assigned to the overruling of a demurrer to the indictment and of a motion in arrest of judgment on the same grounds.

Section 32 of the Criminal Code is as follows:

"Whoever, with intent to defraud either the United States or any person, shall falsely assume or pretend to be an officer or employee acting under the authority of the United States, or any department, or any officer of the government thereof, and shall take upon himself to act as such, or shall in such pretended character demand or obtain from any person or from the United States, or any department, or any officer of the government thereof, any money, paper, document, or other valuable thing, shall be fined not more than one thousand dollars, or imprisoned not more than three years, or both."

[1] The statute creates two offenses. Briefly stated, they are: First, with intent to defraud, falsely pretending to be an officer or employee of the United States, and taking it upon himself to act as such; second, with the same intent and pretense, demanding or obtaining something of value. Merely falsely pretending to be an officer or employee of the United States with intent to defraud is not enough. An overt act is necessary to complete either offense. U. S. v. Barnow, 239 U. S. 74, 36 S. Ct. 19, 60 L. Ed. 155.

[2-4] In charging a statutory offense, it is

usually sufficient to track the statute provided doing so sets forth every element of the offense and the indictment alleges enough to advise the accused of what he has to meet to present his defense. The indictment in this case falls short of charging the offense in the language of the statute, in that it omits the words or their equivalent, "and shall (did) take upon himself to act as such." The clause in the indictment "and to be acting under the authority of the United States" is not equivalent to the omitted words of the statute. Good pleading requires that the act committed which completes the offense be set out with reasonable certainty and not by inference in order to charge the offense.

It was not sufficient to charge that the accused falsely pretended to be an officer of the United States with intent to defraud a named person. It was necessary to charge in addition that the accused did something in his pretended character, or at least demanded something of value while so pretending. This is a matter of substance and not of form. [5] The indictment falls short of stating an offense. It was error to overrule the demurrer. However, there would seem to be no bar to another indictment in this case. R. S. 1044, as amended by the Act of December 27, 1927 (18 USCA § 582).

Reversed.