### SOSA et al. v. ROYAL BANK OF CANADA.

### No. 3848.

Circuit Court of Appeals, First Circuit.

April 17, 1943.

L. E. Dubon, Dubon & Ochoteco, Otero Suro & Otero Suro, and R. H. Blondet, all of San Juan, P. R., for appellants.

Henri Brown, of San Juan, P. R., for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

**PER CURIAM.**

In the court below defendant moved to dismiss the fourth amended complaint on the ground that it failed to state a cause of action upon which relief could be granted. On March 9, 1942, the court filed an order entitled "Order Sustaining Motion to Dismiss." This order recited that argument on the motion to dismiss had been held, then in several paragraphs discussed the facts and the law as bearing on the motion, and finally concluded with the following paragraph:

"Now, Therefore, it is hereby Ordered, Adjudged and Decreed that defendant's motion to dismiss be, and it is hereby sustained, and that plaintiffs' fourth amended complaint be, as it is hereby, dismissed, and that defendant recover its costs, and that plaintiffs be adjudged to pay all costs incurred in this case, for which let execution issue."

 If this order had been, what its caption might seem to indicate, merely an order granting the motion to dismiss, it probably would not have been appealable as a "final decision." 28 U.S.C.A. § 225. See City and County of San Francisco v. McLaughlin, 9 Cir., 1925, 9 F.2d 390; Wright v. Gibson, 9 Cir., 1942, 128 F.2d 865. But the order obviously did more than that; it proceeded to dismiss the complaint, award costs, and direct the issuance of execution therefor. The order was therefore a final decision. Fowler v. Hamill, 1891, 139 U.S. 549, 11 S.Ct. 663, 35 L.Ed. 266; Bailey v. Crump, 4 Cir., 1930, 41 F.2d 733. The plaintiffs took no appeal from it.

Thereafter, plaintiffs moved for leave to file a fifth amended complaint. By order entered April 13, 1942, this motion was denied, the order reciting that the proposed amended complaint "does not set out any facts warranting a modification of the judgment of dismissal filed on March 9, 1942."

On September 8, 1942, a so-called "Judgment" was filed, as follows:

"For the reasons stated in and in accordance with the Order Sustaining Motion to Dismiss filed herein March 9, 1942, it is hereby ordered, adjudged and decreed that defendant's Motion to Dismiss, be and it is hereby sustained, and therefore, that plaintiffs' Fourth Amended Complaint be, as it is hereby dismissed, and that defendant recover its costs, and that plaintiffs be adjudged to pay all costs incurred in this case, for which let execution issue."

 This second judgment, from which the present appeal was taken, was merely a reiteration of the order of March 9, 1942, dismissing the complaint.[1] The time had gone by for taking an appeal from the order of March 9. The reentry on September 8 of the order or judgment of dismissal could not operate to extend the statutory period for appeal. Prescott & A. C. Ry. Co. v. Atchison, T. & S. F. R. Co., 2 Cir., 1897, 84 F. 213. See, also, Hill v. Hawes, App. D.C. 1942, 132 F.2d 569; In re L. H. Seifer & Sons, 7 Cir., 1935, 78 F.2d 196, certiorari denied 1935, 296 U.S. 618, 56 S.Ct. 138, 80 L.Ed. 438; United States v. Dowell, 8 Cir., 1936, 82 F.2d 3.

The appeal is dismissed for lack of jurisdiction.

---

[1] In a communication to us the district judge recites that "on September 8, 1942 attorneys for plaintiffs left in his office, for signature, the draft of the judgment entered and filed in this case on September 8, 1942, and the undersigned Judge signed and entered said second judgment inadvertently."