**DE MAUREZ v. SQUIER, Warden.**

**No. 10738.**

Circuit Court of Appeals, Ninth Circuit.

Aug. 17, 1944.

Writ of Certiorari Denied Oct. 23, 1944.

See 65 S.Ct. 95.

See also United States v. DeMaurez, D.C., 54 F.Supp. 102; In re DeMaurez, 138 F.2d 561.

Raymond O. DeMaurez, in pro. per., for appellant.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Guy A. B. Dovell, Asst. U. S. Atty., of Tacoma, Wash., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

STEPHENS, Circuit Judge.

DeMaurez appeals from a judgment denying his petition for a writ of habeas corpus. In 1937 he was charged with two violations of § 73, Title 18, U.S.C.A., under two counts of an indictment. Count One alleged that he had forged the indorsement of the payee's signature on a check drawn upon the Civil Service Retirement fund, and Count Two alleged that with intent to defraud the United States he had falsely uttered and published as true the check and the forged indorsement thereon. The check was drawn in payment of a Civil Service Retirement annuity due the payee. Petitioner was found guilty on both counts and was sentenced to imprisonment for a term of ten years on the first and five years on the second, the terms to run consecutively. In addition he was sentenced to pay a fine of $500 on each count.

Petitioner claims that the sentence is excessive. He argues that the acts recited in the indictment are offenses within the meaning of § 128, Title 38, U.S.C.A., that they are not offenses within the meaning of § 73, Title 18, U.S.C.A., and therefore that a sentence consistent with the provisions of the latter section but greater than the maximum sentence authorized by the former is excessive.

According to 18 U.S.C.A. § 73: "Whoever shall falsely make, alter, forge, or counterfeit * * * any deed, power of attorney, order, certificate, receipt, contract, or other writing, for the purpose of obtaining or receiving, or of enabling any other person, either directly or in-

directly, to obtain or receive from the United States, or any of their officers or agents, any sum of money; or whoever shall utter or publish as true * * * any such false, forged, altered, or counterfeited deed, power of attorney, order, certificate, receipt, contract, or other writing, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited * * * shall be fined not more than $1,000 and imprisoned not more than ten years."

According to 38 U.S.C.A. § 128: "Whoever shall forge the indorsement of the person to whose order any pension check shall be drawn, or whoever with the knowledge that such indorsement is forged shall utter such check, or whoever, by falsely personating such person, shall receive from any person, firm, corporation, or officer or employee of the United States the whole or any portion of the amount represented by such check, shall upon conviction be punished by a fine of not more than $1,000, or be imprisoned not more than five years, or both."

The basic question raised by petitioner's contention is whether a check drawn against the Civil Service Retirement fund is a pension check within the meaning of 38 U.S.C.A. § 128.

 Annuities payable under the Retirement Act are not considered pensions within the meaning of the Tucker Act, 28 U.S.C.A. § 41(20), and as a result a district court has jurisdiction to entertain a suit for their recovery. Dismuke v. United States, 297 U.S. 167, 170, 56 S.Ct. 400, 80 L.Ed. 561. The reasoning of the Supreme Court in that opinion is equally applicable to the present situation. The Retirement Act itself distinguishes payments made thereunder from pensions, 5 U.S.C.A. § 707, in referring to the computation of the necessary period of service: "In the case of an employee who * * * elects to receive a pension under any law," the period of service on which such pension is based is not included, "but nothing contained in sections 691 to 693 and 697 to 731 of this title shall be so construed as to affect in any manner his or her right to a pension * * * in addition to the annuity herein provided." The conclusion is inevitable that a check against the Retirement fund is not a pension check within the meaning of 38 U.S.C.A. § 128. Petitioner in forging the in-

dorsement on such a check committed no offense under that statute.

It is clear that an indorsement on a government draft is a "writing" under 18 U.S.C.A. § 73. Prussian v. United States, 282 U.S. 675, 679. All elements of offenses defined in § 73 were charged in the indictment; petitioner was found guilty of the offenses charged. Therefore, he was properly sentenced in accordance with the provisions of that section. See Demaurez v. Squier, 9 Cir., 121 F.2d 960; Ex parte Demaurez, 9 Cir., 106 F. 2d 457.

Affirmed.