## WILEY v. UNITED STATES.

### No. 10585.

Circuit Court of Appeals, Ninth Circuit.

Sept. 5, 1944.

Rehearing Denied Oct. 24, 1944.

Robert E. Hatch, of San Francisco, Cal., for appellant.

Charles H. Carr, U. S. Atty., and James M. Carter, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order of the District Court denying a motion to vacate a judgment sentencing appellant to ten years imprisonment in a federal penitentiary upon conviction on an indictment charging the uttering of a forgery of a signature endorsing for transfer a United States Liberty Bond.[1] The judgment was entered on May 10, 1934. The sentence was to follow consecutively upon prior consecutive sentences of two and ten years on other counts of the same indictment, the first for conspiracy and the second for forging the name of the owner of the bond the utterance of which constituted the offense here under consideration.

There was a fourth sentence of five years of probation consecutive upon the sentence for uttering. The court extended the term for the period of probation.

The ground of the motion is that the charge of uttering the bond with the

---

[1] In violation of 18 U.S.C.A. § 73, Criminal Code § 29.

forged endorsement is identical with the charge of forging the endorsement and that the statute upon which the charges of the indictment rest does not create separate crimes of such forging and uttering. The District Court has the jurisdiction of the issue tendered by the motion, even if the motion be deemed to be made after the extended period of the term of court. Holiday v. Johnston, 313 U.S. 342, 349, 550, 61 S.Ct. 1015, 85 L.Ed. 1392. The court's decision in a proceeding in the nature of coram nobis is a final order and hence appealable here. Cf. Robinson v. Johnston, 9 Cir., 118 F.2d 998, 1000.

The transcript does not contain a copy of the indictment but counsel of both parties refer to it as in our records of an appeal from the judgment, of which we take judicial notice. National Fire Insurance Co. v. Thompson, 281 U.S. 331, 336, 50 S.Ct. 288, 74 L.Ed. 881. The statute provides that: "No. 73. Making, forging, counterfeiting, or altering deeds or powers of attorney; transmitting such papers. Whoever shall falsely make, alter, forge, or counterfeit, or cause or procure to be falsely made, altered, forged, or counterfeited, or willingly aid, or assist in the false making, altering, *forging,* or counterfeiting, any deed, power of attorney, order, certificate, receipt, contract, or other *writing,* for the *purpose of obtaining* or receiving, or of enabling any other person, either directly or indirectly, to obtain or receive *from the United States,* or any of their officers or agents, *any sum of money;* or whoever shall utter or publish as true, or cause to be uttered or published as true, *any such* false, forged, altered, or counterfeited deed, power of attorney, order, certificate, receipt, contract, or other *writing,* with intent *to defraud the United States,* knowing the same to be false, altered, forged, or counterfeited; or whoever shall transmit to, or present at, or cause or procure to be transmitted to, or presented at, any office or officer of the Government of the United States, any deed, power of attorney, order, certificate, receipt, contract, or other writing, in support of, or in relation to, any account or claim, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited, shall be fined not more than $1,000 *and imprisoned not more than ten years."* (R.S. § 5421.) 18 U.S.C.A. § 73. (Emphasis supplied.)

We have recently held that this statute makes separate offenses of forging and uttering. De Maurez v. Squier, 9 Cir., 144 F.2d 564. They are separately charged in the indictment. The proof of the utterance of the forged document obviously required different evidence than the proof of the forgery. Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306.

Appellant's and appellee's counsel have stipulated to certain facts showing appellant's absence from the place of the occurrence of the forgery and utterance, and other facts indicating that in any event appellant is entitled to executive clemency. These facts were known to appellant at the time of his trial in 1934. We cannot consider them on an appeal in a proceeding in the nature of coram nobis. United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129; Wetmore v. Karrick, 205 U.S. 141, 151, 27 S.Ct. 434, 51 L.Ed. 745. Cf. Paddy v. United States, 9 Cir., 143 F.2d 847, 849. The facts agreed on by counsel seem to make a strong case for executive clemency, and we feel permitted to comment that the sentence "seems extremely harsh". United States v. Daugherty, 269 U.S. 360, 363, 46 S.Ct. 156, 70 L.Ed. 309.

Affirmed.