**GRAHAM v. SQUIER, Warden.**

No. 10710.

Circuit Court of Appeals, Ninth Circuit.

Oct. 30, 1944.

Allan Lee Graham in pro per., for appellant.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Guy A. B. Dovell, Asst. U. S. Atty., of Tacoma, Wash., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant was indicted in the District Court of the United States for the Northern District of California. The indictment was in seven counts. Counts 2, 4 and 6 were dismissed. Appellant pleaded guilty to counts 1, 3, 5 and 7 and was thereupon sentenced to be imprisoned for three years on count 1, two years on count 3, three years on count 5 and three years on count 7, the sentences on counts 1, 5 and 7 to run concurrently, the sentence on count 3 to begin upon the expiration of the sentences on counts 1, 5 and 7. The United States penitentiary at McNeil Island, Washington, of which appellee is warden, was designated as the place where appellant's sentences should be served. He began serving his sentences on counts 1, 5 and 7 on June 7, 1941.

On October 6, 1943, appellant petitioned the District Court of the United States for the Western District of Washington for a writ of habeas corpus. The petition was amended on November 16, 1943. A writ of habeas corpus (improperly called an order to show cause) [1] was issued and served on appellee, appellant was produced by appellee, a hearing was had, an opinion was filed,[2] and on February 18, 1944, an order was entered dismissing the habeas corpus proceeding and remanding appellant to appellee's custody, thus, in effect, discharging the writ. From that order this appeal is prosecuted.

Appellant contends that counts 1 and 3 of the indictment were predicated upon a single offense; that therefore his sentence on count 3 was void; and that, having served his sentences on counts 1, 5 and 7, he is entitled to be released.

Count 1 charged that appellant, on or about May 6, 1941, in Sunnyvale, Santa Clara County, California, "with intent to defraud one Frank X. Farry did unlawfully, ·wilfully, knowingly and feloniously

---

[1] Cf. Pyron v. Squier, 9 Cir., 129 F.2d 310; Taylor v. Squier, 9 Cir., 142 F.2d 737.

[2] 53 F.Supp. 881.

falsely assume and pretend to be an officer and employee acting under the authority of the United States of America, to-wit, a Major, Air Corps, United States Army of America, and * * * then and there did unlawfully, wilfully, knowingly and feloniously take upon himself to act as said officer and employee."

Count 3 charged that appellant, on or about May 6, 1941, in Santa Clara County, California, "with intent to defraud one Frank X. Farry did unlawfully, wilfully, knowingly and feloniously falsely assume and pretend to be an officer and employee acting under authority of the United States of America, to-wit, a Major, Air Corps, United States Army of America, and in such pretended character did unlawfully, wilfully, knowingly and feloniously obtain from said Frank X. Farry a thing of value, to-wit, $25.00 good and lawful money of the United States of America."

Thus counts 1 and 3 charged violations of § 32 of the Criminal Code, 18 U.S.C.A. § 76, which provides: "Whoever, with intent to defraud * * * any person, shall falsely assume or pretend to be an officer or employee acting under the authority of the United States, * * * and shall take upon himself to act as such, or shall in such pretended character demand or obtain from any person * * * any money, paper, document, or other valuable thing, shall be fined not more than $1,000 or imprisoned not more than three years, or both."

Count 1 charged a violation of that part of § 32 which provides: "Whoever, with intent to defraud * * * any person, shall falsely assume or pretend to be an officer or employee acting under the authority of the United States, * * * and shall take upon himself to act as such, * * * shall be fined not more than $1,000 or imprisoned not more than three years, or both."

Count 3 charged a violation of that part of § 32 which provides: "Whoever, with intent to defraud * * * any person, shall falsely assume or pretend to be an officer or employee acting under the authority of the United States, * * * and shall * * * in such pretended character demand or obtain from any person * * * any money, paper, document, or other valuable thing, shall be fined not more than $1,000 or imprisoned not more than three years, or both."

 These violations constituted two distinct offenses.[3] Whether appellant actually committed both offenses or actually committed only one of them is, for present purposes, immaterial; for we are not here concerned with any question of appellant's guilt or innocence.[4]

We conclude, as did the court below, that appellant's sentence on count 3 was valid. That sentence has not been served. Hence he is not entitled to be released.

Order affirmed.

---

3 United States v. Barnow, 239 U.S. 74, 36 S.Ct. 19, 60 L.Ed. 155; Pierce v. United States, 6 Cir., 86 F.2d 949; Elliott v. Hudspeth, 10 Cir., 110 F.2d 389; Kane v. United States, 8 Cir., 120 F.2d 990.

4 Ex parte Quirin, 317 U.S. 1, 25, 63 S.Ct. 2, 87 L.Ed. 3.