**BERKOFF v. HUMPHREY, Warden.**

**No. 13451.**

Circuit Court of Appeals, Eighth Circuit.

Feb. 1, 1947.

6

Fred R. Wright, of Milwaukee, Wis., and Donald D. Harries of Duluth, Minn., for appellant.

James J. Giblin, Asst. U. S. Atty., of St. Paul, Minn. (Victor E. Anderson, U. S. Atty., of St. Paul, Minn., on the brief), for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

The broad question for decision is whether the District Court erred in denying appellant's petition for a writ of habeas corpus.

The appellant was indicted in the United States District Court for the Eastern District of Wisconsin, on a charge of having made false representations in a matter within the jurisdiction of the Collector of Internal Revenue. The indictment was based on § 80, Title 18 U.S.C.A.[1] On March 2, 1945, the appellant entered a plea of guilty to the indictment. On June 11, 1945, he settled with the Attorney General "all civil and criminal liabilities for taxes, penalties and interest for the period 1922 to 1941 inclusive," excepting "the criminal prosecution * * * brought * * * under 18 U.S. C., Section 80." On June 16, 1945, upon his plea of guilty, the appellant was sentenced to imprisonment for four years in a federal correctional institution. Before entering upon the execution of his sentence, he moved the court to reduce the term of imprisonment. The motion was denied. The appellant has been confined in the Federal Correctional Institution at Sandstone, Minnesota, since November 15, 1945.

On February 14, 1946, the appellant filed a petition in the United States District Court for the District of Minnesota for a writ of habeas corpus, asserting that his sentence was void and his imprisonment illegal. After a hearing, the petition was denied on June 26, 1946, and this appeal followed.

The appellant challenges the legality of his detention upon the following grounds;

[1] "§ 80. Whoever shall make or cause to be made or present or cause to be presented, for payment or approval, to or by any person or officer in the civil, military, or naval service of the United States, or any department thereof, or any corporation in which the United States of America is a stockholder, any claim upon or against the Government of the United States, or any department or officer thereof, or any corporation in which the United States of America is a stockholder, knowing such claim to be false, fictitious, or fraudulent; or whoever shall knowingly and willfully falsify or conceal or cover up by any trick, scheme, or device a material fact, or make or cause to be made any false or fraudulent statements or representations or make or use or cause to be made or used any false bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition, knowing the same to contain any fraudulent or fictitious statement or entry in any matter within the jurisdiction of any department or agency of the United States or of any corporation in which the United States of America is a stockholder, shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

(1) That § 80, Title 18 U.S.C.A., does not sustain the sentence because that section was inapplicable to tax matters; that if § 80 was ever applicable to tax matters, it ceased to be so after the enactment of the Internal Revenue Code, Title 26 U.S.C.A. on February 10, 1939; and that § 3616, Title 26 U.S.C.A. Int.Rev.Code,[2] which provides a maximum term of imprisonment of one year for the making of a false statement to a Collector with intent to evade taxes, replaced § 80 as to tax matters; (2) that the sentence cannot be sustained under § 3616 of Title 26, being based exclusively on § 80 of Title 18 and the appellant having settled his criminal liability under the Internal Revenue Code; and (3) that if § 80, Title 18, is held applicable to tax matters, it is so discriminatory with respect to penalties, when contrasted with § 3616 of Title 26, as to be violative of the Fifth Amendment to the Constitution.

The District Court ruled that § 80, Title 18 U.S.C.A., sustained the indictment and sentence and that the Internal Revenue Code had not superseded § 80 as to tax matters.

The questions for review are disputed issues of law. The appellant could have presented them to the court which sentenced him, but did not do so. That court had jurisdiction to decide the issues. If raised, they were reviewable on appeal by the Circuit Court of Appeals of the Seventh Circuit and on certiorari by the Supreme Court of the United States. The appellant can still present these questions to the court which sentenced him, by a motion to vacate or to correct the sentence on the ground of illegality. Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, provides: "The court may correct an illegal sentence at any time." This rule became effective March 21, 1946, but made no change in existing law. Compare, Holiday v. John-

ston, 313 U.S. 342, 349, 61 S.Ct. 1015, 85 L.Ed. 1392; Steffler v. United States, 319 U.S. 38, 63 S.Ct. 948, 87 L.Ed. 488; Garrison v. Reeves, 8 Cir., 116 F.2d 978; Bugg v. United States, 8 Cir., 140 F.2d 848; Carrollo v. United States, 8 Cir., 141 F.2d 997; Michener v. United States, 8 Cir., 157 F.2d 616; Miller v. United States, 2 Cir., 147 F.2d 372; Costner v. United States, 4 Cir., 139 F.2d 429; Williams v. United States, 5 Cir., 148 F.2d 923; Whitehead v. United States, 6 Cir., 155 F.2d 460; Wiley v. United States, 9 Cir., 144 F.2d 707; Robinson v. United States, 10 Cir., 147 F.2d 915.

■ A defendant must follow the regular course of criminal proceedings and exhaust the ordinary remedies afforded him before he may resort to habeas corpus, even though he attacks the constitutionality of the statute under which he was indicted. Johnson v. Hoy, 227 U.S. 245, 247, 33 S.Ct. 240, 57 L.Ed. 497; Glasgow v. Moyer, 225 U.S. 420, 428, 429, 32 S.Ct. 753, 56 L.Ed. 1147. The hearing on habeas corpus is not in the nature of an appeal nor is it a substitute for the functions of the trial court. This is true as to controverted issues of fact and as to disputed issues of law "whether they relate to the sufficiency of the indictment or the validity of the statute on which the charge is based. These and all other controverted matters of law and fact are for the determination of the trial court." Henry v. Henkel, 235 U.S. 219, 229, 35 S.Ct. 54, 57, 59 L.Ed. 203. "It is fundamental that a court upon which is conferred jurisdiction to try an offense has jurisdiction to determine whether or not that offense is charged or proved. Otherwise every judgment of conviction would be subject to collateral attack and review on habeas corpus on the ground that no offense was charged or proved." Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 524, 69 L.Ed. 1036.

---

[2] "§ 3616. Whenever any person—

"(a) * * * Delivers or discloses to the collector or deputy any false or fraudulent list, return, account, or statement, with intent to defeat or evade the valuation, enumeration, or assessment intended to be made; or,

"(b) * * * Being duly summoned to appear to testify, or to appear and produce books as required under section 3615, neglects to appear or to produce said books—he shall be fined not exceeding $1,000, or be imprisoned not exceeding one year, or both, at the discretion of the court, with costs of prosecution."

**8**

■ Where a District Court has jurisdiction of the person and the subject matter in a criminal prosecution, the writ of habeas corpus cannot be used in lieu of an appeal, and the judgment of conviction is not subject to collateral attack. Bowen v. Johnston, 306 U.S. 19, 23, 59 S.Ct. 442, 33 L.Ed. 455. "The rule requiring resort to appellate procedure when the trial court has determined its own jurisdiction of an offense is not a rule denying the power to issue a writ of habeas corpus when it appears that nevertheless the trial court was without jurisdiction. The rule is not one defining power but one which relates to the appropriate exercise of power. It has special application where there are essential questions of fact determinable by the trial court. Rodman v. Pothier, supra [264 U.S. 399, 44 S.Ct. 360, 68 L.Ed. 759]. It is applicable also to the determination in ordinary cases of disputed matters of law whether they relate to the sufficiency of the indictment or to the validity of the statute on which the charge is based. Id.; Glasgow v. Moyer, supra [225 U.S. 420, 32 S.Ct. 753, 56 L.Ed. 1147]; Henry v. Henkel, supra [235 U.S. 219, 35 S.Ct. 54, 59 L.Ed. 203]. But it is equally true that the rule is not so inflexible that it may not yield to exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Bowen v. Johnston, supra, 306 U.S. pp. 26 and 27, 59 S.Ct. 446. See, also, McCoy v. Pescor, 8 Cir., 145 F.2d 260, 261.

In Adams v. United States ex rel. McCann, 317 U.S. 269, at page 274, 63 S. Ct. 236, at page 239, 87 L.Ed. 268, 143 A. L.R. 435, the Supreme Court said: "Of course the writ of habeas corpus should not do service for an appeal. Glasgow v. Moyer, 225 U.S. 420, 428, 32 S.Ct. 753, 755, 56 L.Ed 1147; Matter of Gregory, 219 U.S. 210, 213, 31 S.Ct. 143, 55 L. Ed. 184. This rule must be strictly observed if orderly appellate procedure is to be maintained. Mere convenience cannot justify use of the writ as a substitute for an appeal." See, also, Eagles v. United States ex rel. Samuels, 67 S.Ct. 313.

■ We conclude that habeas corpus was not available to test the validity of appellant's detention. No exceptional circumstances called for the issuance of the writ. If the sentence of which appellant complains is illegal, it should be vacated by the court which entered it and not nullified on collateral attack by a court of coordinate jurisdiction. See Terrell v. Biddle, 8 Cir., 139 F.2d 32, 33. Since we think that the District Court could not lawfully have granted the appellant a writ of habeas corpus, it follows that the denial of his petition was not error.

The judgment is therefore affirmed.