## EKBERG v. UNITED STATES.
### No. 4314.

Circuit Court of Appeals, First Circuit.
March 25, 1948.

John O. Parker, of Boston, Mass. (Charles W. Bartlett, of Boston, Mass., on the brief), for appellant.

Philip F. Herrick, of San Juan, P. R., U. S. Atty. (Francisco Ponsa Feliu, of San Juan, P. R., Asst. U. S. Atty., on the brief), for appellee.

Before MAGRUDER, MAHONEY and WOODBURY, Circuit Judges.

MAGRUDER, Circuit Judge.

This is an appeal from an order denying a motion under Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, for correction of an allegedly illegal sentence.

382

On April 22, 1942, an indictment was filed in the United States District Court for Puerto Rico charging appellant Ekberg with violation of § 32 of the Criminal Code, 18 U.S.C.A. § 76, which reads as follows:

"Whoever, with intent to defraud either the United States or any person, shall falsely assume or pretend to be an officer or employee acting under the authority of the United States, or any department, or any officer of the Government thereof, or under the authority of any corporation owned or controlled by the United States, and shall take upon himself to act as such, or shall in such pretended character demand or obtain from any person or from the United States, or any department, or any officer of the Government thereof, or any corporation owned or controlled by the United States, any money, paper, document, or other valuable thing, shall be fined not more than $1,000 or imprisoned not more than three years, or both."

The indictment was in three counts, the material portions of which are set forth in the footnote.[1]

In the first count it was charged that Ekberg, with intent to defraud one Manuel Vazquez Diaz, pretended to be an officer and employee of the United States Engineer Office of the United States War Department, and did take upon himself to act as such officer and employee, in that he called by telephone the said Manuel Vazquez Diaz and falsely pretended to him that he was such an officer and employee of the United States. In the second count it was charged that Ekberg, with intent to defraud and in the afore-mentioned pretended character, demanded a typewriter from the said Manuel Vazquez Diaz. The third count was the same as the second, except that in place of alleging a demand it charged that Ekberg did "obtain" a typewriter from Manuel Vazquez Diaz. In each count the time and place of the offense were alleged to be February 9, 1942, in San Juan, Puerto Rico.

Upon arraignment, and being then represented by counsel appointed by the court, Ekberg entered a plea of guilty to the indictment. Thereupon, on April 24, 1942, the court sentenced him to imprisonment for a term of two years and one month on each of the three counts; sentences on the second and third counts to run concurrently, but consecutively to the sentence imposed on the first count. Further, the court sus-

[1] First count: " * * * Heretofore, to wit, on or about February 9, 1942, in the city of San Juan, Puerto Rico, in the District of Puerto Rico and within the jurisdiction of this Court, James Nels Ekberg, did, knowingly, willfully, unlawfully and feloniously, and with intent to defraud one Manuel Vazquez Diaz, falsely assume and pretend to be an officer and employee acting under the authority of the United States, to wit, an officer and employee of the United States Engineer Office of the United States War Department, and did take upon himself to act as such officer and employee, in that he called by telephone the said Manuel Vazquez Diaz and falsely pretended to him that he was such an officer and employee of the United States. * * * "

Second count: " * * * Heretofore, to wit, on or about February 9, 1942, in the city of San Juan, Puerto Rico, in the District of Puerto Rico and within the jurisdiction of this Court, James Nels Ekberg, hereinafter referred to as the defendant, did, knowingly, unlawfully, willfully and feloniously, and with intent to defraud one Manuel Vazquez Diaz, falsely assume and pretend to be an officer and employee acting under the au-

thority of the United States, to wit, an officer and employee of the United States Engineer Office of the United States War Department, and in such pretended character the defendant did, unlawfully, willfully, knowingly and feloniously, demand from the said Manuel Vazquez Diaz a certain valuable thing, to wit, a portable Royal typewriter. * * * "

Third count: " * * * Heretofore, to wit, on or about February 9, 1942, in the city of San Juan, Puerto Rico, in the District of Puerto Rico and within the jurisdiction of this Court, James Nels Ekberg, hereinafter referred to as the defendant, did, knowingly, unlawfully, willfully and feloniously, and with intent to defraud one Manuel Vazquez Diaz, falsely assume and pretend to be an officer and employee acting under the authority of the United States, to wit, an officer and employee of the United States Engineer Office of the United States War Department, and in such pretended character the defendant did, unlawfully, willfully, knowingly and feloniously, obtain from the said Manuel Vazquez Diaz a certain valuable thing, to wit, a portable Royal Typewriter. * * * "

pended the execution of the sentences on the second and third counts and placed the defendant on probation for a period of five years commencing upon completion of the service of sentence on the first count.

After Ekberg had completed the service of his sentence under count 1, and had entered upon his period of probation, he was taken into custody and brought before the court below on the charge of having violated the conditions of his probation. At the hearing on revocation of probation, Ekberg, being again represented by court-appointed counsel, pleaded guilty to the charge. By order on December 2, 1946, the district court revoked the probation, and committed Ekberg to prison for service of the concurrent sentences of two years and one month theretofore imposed on the second and third counts of the indictment. Ekberg is now in the federal penitentiary at Leavenworth, Kansas, on this commitment.

On June 11, 1947, Ekberg filed in the court below a motion for correction of sentence under Rule 35, which provides that an illegal sentence may be corrected "at any time." His contention was that the indictment with its three counts, to which he pleaded guilty, charged but a single offense under 18 U.S.C.A. § 76, and that the sentence imposed by the court exceeded the statutory maximum of three years. The motion was set down for hearing on June 13, 1947, at which an Assistant United States Attorney appeared for the government, but at which Ekberg was not present or represented by counsel. (Cf. United States v. Lynch, 7 Cir., 1947, 159 F.2d 198, 200.) On the same day the court entered an order denying the motion. No appeal was taken from this order.

On October 23, 1947, Ekberg filed another motion for correction of sentence. This motion, while more elaborate, is now conceded to have raised in substance the same question that had been presented in the earlier motion. At a hearing held October 31, 1947, the motion was opposed by

an Assistant United States Attorney. Ekberg, again, was not present or represented by counsel. The court on the same day denied the motion. Notice of appeal from this order of denial was filed November 7, 1947.[2]

The United States filed a motion to dismiss the appeal as untimely. We withheld consideration of the motion until argument on the merits, at which the United States was represented by the United States Attorney and appellant by counsel appointed by this court.

We have concluded, not without some hesitation, that the motion to dismiss should be denied.

An order denying a motion to correct an illegal sentence is a "final decision" within the meaning of 28 U.S.C.A. § 225(a), since nothing further remains to be determined in the cause. See Wiley v. United States, 9 Cir., 1944, 144 F.2d 707, 708, in which the court described the proceeding as in the nature of an application for a writ of error coram nobis. See also Michener v. United States, 8 Cir., 1946, 157 F.2d 616, in which the circuit court of appeals entertained an appeal from such an order, and reversed on the merits.[3] It follows that an order of the United States District Court for Puerto Rico denying a motion to correct an illegal sentence is appealable to this court by virtue of 28 U.S.C.A. § 225(a) and 48 U.S.C.A. § 864. In such a case, the method of taking the appeal is governed by Rule 37(a) (1) of the new Criminal Rules, and the appeal must be taken within ten days after the entry of the order, as provided in Rule 37(a) (2) thereof. Under Rule III of the earlier Criminal Rules, 292 U.S. 662, the five-day limit on taking appeals in criminal cases applied only to appeals from judgments of conviction; and appeals from subsequent orders like the one now in question were therefore left to be governed by 28 U.S.C.A. § 350. United States ex rel. Coy v. United States, 1942, 316 U.S. 342; Tesciona v. United States, 9 Cir., 1944, 141 F.2d 811. But the

[2] The notice of appeal erroneously states that the order appealed from was entered October 28, 1947, but nothing turns on this discrepancy.

[3] In United States v. Michener, 1947,

331 U.S. 789, 67 S.Ct. 1509, the Supreme Court, in turn, reversed the circuit court of appeals on the merits, without any intimation that the circuit court of appeals lacked jurisdiction of the appeal.

New Rule 37 applies more broadly to any "judgment or order" in a criminal case, from which an appeal is permitted by law. Appellant here took the present appeal within ten days from the entry of the order appealed from—the order of October 31, 1947, denying his second motion for correction of his sentence. To that extent the appeal is certainly timely.

■ So much the government concedes. But in its motion to dismiss it stresses the point that Ekberg's first motion for correction of sentence, raising the same question of law, was denied by order entered June 13, 1947, and that no appeal was ever taken from such order. The time for appealing having expired, it is contended that appellant cannot extend the time by indirection, by the expedient of filing a second motion to the same effect and having the court enter a second order of denial. Sosa v. Royal Bank of Canada, 1 Cir., 1943, 134 F.2d 955, cited by the government in this connection, is not controlling. There, the district court had entered an order dismissing a complaint for failure to state a cause of action. After the time for appealing had elapsed, the court by inadvertence signed and entered another order in the same terms dismissing the complaint. We held that such reentry of the order of dismissal could not operate to extend the statutory period for appeal. The situation would have been closer to the present case, though not wholly on all fours, if the plaintiff in the Sosa case, after his first complaint had been dismissed, had filed an identical second complaint, and the defendant, without relying on the defense of res judicata, had moved to dismiss on the merits; we would suppose that an appeal could be taken from a judgment dismissing this second complaint.

■■ Since under Rule 35, the sentencing court may correct an illegal sentence "at any time", even after the term has expired, we think it clear that the court below would have had power to entertain and grant Ekberg's second motion, notwithstanding its denial of the earlier motion to the same effect, assuming the motion was a meritorious one. If convinced of its previous error, the sentencing court should have continuing power to correct its own illegal sentence. This is a much more appropriate remedy than remitting the prisoner to a petition for habeas corpus in the district court wherein he is confined. See Berkoff v. Humphrey, 8 Cir., 1947, 159 F.2d 5. The rule of res judicata is not in all strictness applied in habeas corpus cases. A judge is not precluded from entertaining a petition for habeas corpus and disposing of it on the merits, even though the same point had been ruled adversely to the petitioner in a previous habeas corpus proceeding. Salinger v. Loisel, 1924, 265 U.S. 224, 230, 231, 44 S.Ct. 519, 68 L.Ed. 989; Johnston v. Wright, 9 Cir., 1943, 137 F.2d 914; United States ex rel. Gregoire v. Watkins, 2 Cir., 1947, 164 F.2d 137, 138. See Price v. Johnston, 9 Cir., 1947, 161 F.2d 705, certiorari granted, 1947, 331 U.S. 804, 67 S.Ct. 1757. A fortiori a ruling by the trial judge, at an earlier stage of the same criminal proceeding, on a motion to correct sentence, does not operate as res judicata.[4] Ekberg's second motion to correct sentence was therefore in order; and though we have found no controlling precedent on the precise point, the analogies sustained the conclusion, and we so hold, that the order denying this second motion was appealable within the time limited by Rule 37(a) (2). Cf. Remine v. United States, 6 Cir., 1947, 161 F.2d 1020, certiorari denied, 1947, 331 U.S. 862, 67 S.Ct. 1759.

Coming then to the merits, we think appellant is entitled to relief.

The problem of multiple offenses under 18 U.S.C.A. § 76 is somewhat illuminated by decisions in two commonly recurring situations:

■ (1) It is well settled that the same act or transaction may constitute two distinct federal offenses, and justify findings of guilty on two counts and separate sentences thereon to run consecutively, if each offense as defined by Congress requires the proof of some fact or element not required to establish the other. Thus under a stat-

---

[4] However, if an appeal had been taken from the order denying the first motion to correct sentence, and the order had been affirmed, the ruling of the appellate court would have become the law of the case, binding on the district judge in case a second motion to correct sentence were presented to him.

ute, 18 U.S.C.A. § 203, making it an offense for an officer or employee of the United States Government to "receive, or agree to receive, any compensation" for services to any person with relation to a claim or proceeding in which the United States is a party or otherwise interested, pending before any department or bureau of the government, the acts of agreeing to receive, and receiving, compensation in the circumstances stated, constitute separate and distinct offenses which may arise out of the same transaction. Burton v. United States, 1906, 202 U.S. 344, 377, 26 S.Ct. 688, 697, 50 L.Ed. 1057, 6 Ann.Cas. 362. In that case the Court pointed out that there might be an agreement to receive compensation without any compensation ever being in fact paid, and on the other hand compensation might be received for the services without any previous agreement. It was concluded that "Congress intended to place its condemnation upon each distinct, separate part of every transaction coming within the mischiefs intended to be reached and remedied. Therefore an agreement to receive compensation was made an offense. So the receiving of compensation in violation of the statute, whether pursuant to a previous agreement or not, was made another and separate offense." Similarly, the use in a public place of boisterous and insulting language addressed to a public official in the latter's presence may simultaneously constitute the crime of insulting or threatening "by deed or word, public officials * * * in their presence, or in a writing addressed to them", and the distinct crime of behaving in "a drunken, boisterous, rude, or indecent manner in any public place"; so that prosecution and conviction for one of these offenses would not bar subsequent prosecution and conviction for the other. Gavieres v. United States, 1911, 220 U.S. 338, 31 S.Ct. 421, 422, 55 L.Ed. 489. Other illustrations of this type of situation are found in Morgan v. Devine, 1915, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153; Albrecht v. United States, 1927, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505; Blockburger v. United States, 1932, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306.

(2) Another common situation is where the legislature has defined two distinct of-

fenses, but one offense requires proof of all the facts or elements necessary to establish the other, plus something more—in other words, a greater offense including a lesser. Thus, under 18 U.S.C.A. § 320, one may be guilty of assault upon a custodian of mail with intent to rob such mail, without being at the same time guilty of the greater crime of a completed robbery; but if robbery is proved, the lesser offense is necessarily included. It is proper to prosecute the accused under an indictment with two counts, one charging assault with intent to rob and the other charging robbery. If, however, the accused is convicted on both counts, relating to a single transaction, sentence cannot lawfully be imposed on both counts to run consecutively, for, as the court said in Costner v. United States, 4 Cir., 1943, 139 F.2d 429, 432, "Congress did not intend, even if it had the power, to subject an offender who has robbed the mails to the penalty for the completed offense and also to the penalty for the assault with intent which the completed offense necessarily includes." Similarly, one may be guilty of the offense of bank robbery as described in subsection (a) of 12 U.S.C.A. § 588b by feloniously taking from the person or presence of another, by force or violence, or by putting in fear, property belonging to or in the custody of the bank, without at the same time being guilty of the more serious offense of bank robbery as described in subsection (b) of § 588b, which requires proof of the additional element of putting "in jeopardy the life of any person by the use of a dangerous weapon". But if the latter offense is proved, the former is necessarily included. It is proper to prosecute the accused under an indictment with separate counts charging each of these offenses. If, however, the accused is convicted on both counts, sentences cannot lawfully be imposed on both counts, to run consecutively. Wilson v. United States, 9 Cir., 1944, 145 F.2d 734; Miller v. United States, 2 Cir., 1945, 147 F.2d 372. The same is true of the crimes of larceny and robbery under 18 U.S.C.A. § 99. Rutkowski v. United States, 6 Cir., 1945, 149 F.2d 481.

In all such cases discussed in the preceding paragraph, sentence may be imposed on the more inclusive count only, or

a single general sentence may be imposed on the counts as a whole, provided the penalty is within the maximum prescribed for the more inclusive offense; or sentence may be imposed on both counts, within the applicable maximum limits, to run concurrently. See Miller v. United States, supra, 147 F.2d at page 374. The trial judge would not ordinarily impose sentence only on the count charging the lesser included offense, though to do so would hardly be error of which the defendant could complain. See Holbrook v. United States, 8 Cir., 1943, 136 F.2d 649; Coy v. Johnston, 9 Cir., 1943, 136 F.2d 818. The conviction and sentence for the lesser included offense would constitute a bar, under the double jeopardy clause of the Constitution, to a subsequent prosecution for either the greater or the lesser included offense involved in the same transaction. See Grafton v. United States, 1907, 206 U.S. 333, 348, 352, 27 S.Ct. 749, 51 L.Ed. 1084, 11 Ann.Cas. 640.

The Act now in question, 18 U.S.C.A. § 76, quoted at the outset of this opinion, has been before the courts in a great many cases. In the leading case of United States v. Barnow, 1915, 239 U.S. 74, at page 75, 36 S.Ct. 19, 20, 60 L.Ed. 155, the Supreme Court said that by that section "these offenses are prohibited:

"(1) With intent to defraud either the United States or any person, the falsely assuming or pretending to be an officer or employee acting under the authority of the United States, or any department, or any officer of the Government thereof, and taking upon oneself to act as such.

"(2) With intent to defraud either the United States or any person, the falsely assuming or pretending to be an officer or employee, etc., and in such pretended character demanding or obtaining from any person or from the United States, or any department, or any officer of the government thereof, any money, paper, document, or other valuable thing."

Later cases, citing United States v. Barnow, have said that the section "creates and describes two [italics added] separate and distinct offenses". Pierce v. United States, 6 Cir., 1936, 86 F.2d 949, 951; Baas v. United States, 5 Cir., 1928, 25 F.2d 294; Graham v. Squier, 9 Cir., 1944, 145 F.2d 348, 349; Elliott v. Hudspeth, 10 Cir., 1940, 110 F.2d 389, 390. And see United States v. Lepowitch, 1943, 318 U.S. 702, 704, 705, 63 S.Ct. 914, 87 L.Ed. 1091. In none of these cases was it necessary to the decision to break down the elements described in the second clause of the section for the purpose of determining whether demanding a valuable thing constitutes an offense separate and distinct from the offense of obtaining a valuable thing. Since, in the pretended character described, one may "demand" a valuable thing without obtaining it, or may "obtain" a valuable thing without previously having demanded it, we think it clear, under the accepted test, that demanding and obtaining are separate and distinct offenses. See Burton v. United States, supra, where an Act making it criminal to "receive, or agree to receive, any compensation", 18 U.S.C.A. § 203, was held to have created two distinct offenses.

It is clear, also, that the first clause of 18 U.S.C.A. § 76 describes an offense which may be committed without overlapping the offenses described in the second clause of the section, for if the other described elements are present, any act in the pretended character of "an officer or employee acting under the authority of the United States" will constitute an offense under the first clause, even though such act is neither the demanding nor the obtaining of a valuable thing. United States v. Lepowitch, supra, 1943, 318 U.S. 702, 63 S.Ct. 914, 87 L.Ed. 1091. But the first clause describes the more inclusive offense, which necessarily envelops the offense or offenses described in the second clause, for demanding or obtaining a valuable thing in such pretended character, which would constitute an offense under the second clause, also fulfills the requirement of proof of taking upon oneself to act as such under the first clause; in other words, the acts constituting the offenses defined in the second clause are particular modes of committing the more generalized offense defined in the first clause. If all the defendant has done by way of acting as such pretended official is to demand or obtain a valuable thing, it cannot be supposed that Congress

intended to authorize the imposition of separate sentences, to run consecutively, upon a count charging the offense described in the first clause of § 76 and another count charging an offense under the second clause.

In the light of the foregoing discussion, it now becomes pertinent to look more sharply at the three counts in the indictment, which we have set forth in footnote 1, supra.

Counts 2 and 3 adequately charge two separate and distinct offenses under the second clause of 18 U.S.C.A. § 76—the demanding and the obtaining, etc.

Count 1 was obviously meant to be laid under the first clause of 18 U.S.C.A. § 76, for the count charges that the defendant "did take upon himself to act as such officer and employee" [the statutory language] "in that he called by telephone the said Manuel Vazquez Diaz and falsely pretended to him that he was such an officer and employee of the United States." If the pleader had left out the final "in that" clause, the count would sufficiently have stated an offense under the first clause of § 76, for "If the statutory language alone had been used, the indictment would have been proof against demurrer * * *." United States v. Lepowitch, supra, 318 U.S. at page 704, 63 S.Ct. at page 916, 87 L.Ed. 1091; Graham v. Squier, D.C.W.D. Wash. 1944, 53 F.Supp. 881, affirmed 9 Cir., 1944, 145 F.2d 348. But the "in that" clause was included in the count, and its presence cannot be ignored. If the count had merely followed the statutory language, the defendant could have moved for a bill of particulars as to the act or acts upon which the government intended to rely in support of its charge that the defendant "did take upon hismelf to act as such". Then if in response thereto the government had supplied the allegation of fact now contained in the "in that" clause, count 1 would have become demurrable for failure to charge an offense within the applicable statute. The government here having unnecessarily particularized its allegations in count 1 as drafted, the count cannot be saved by disregarding the vitiating "in that" clause.

We say that the "in that" clause vitiated the count because it treated the defendant's pretense of being an officer as satisfying the statutory requirement that the defendant must "take upon himself to act as such". This is clearly not enough. As stated in United States v. Barnow, supra, 239 U.S. at page 77, 36 S.Ct. at page 21, 60 L.Ed. 155: "But to 'take upon himself to act as such' means no more than to assume to act in the pretended character. It requires something beyond the false pretense with intent to defraud; there must be some act in keeping with the pretense * * *." So, in Baas v. United States, supra, 25 F.2d at page 295, the court said: "It was not sufficient to charge that the accused falsely pretended to be an officer of the United States with intent to defraud a named person. It was necessary to charge in addition that the accused did something in his pretended character, or at least demanded something of value while so pretending. This is a matter of substance and not of form."

Evidently the government was not prepared to prove any act "in keeping with the pretense" of being a public official other than the defendant's acts on February 9, 1942, of demanding and obtaining from Manuel Vazquez Diaz a valuable thing, to wit, a portable Royal typewriter, as charged in counts 2 and 3. What the pleader did was to duplicate in count 1 part of the factual allegations which went to make out the complete offenses charged in counts 2 and 3; but count 1, for the reason stated, failed to charge an offense separate and distinct from the offenses set forth in the other two counts, in fact, failed to charge any offense at all. Therefore, the court should not have imposed a separate sentence on count 1, and the time which appellant spent in the penitentiary under that sentence becomes legally referable to the concurrent sentences imposed on counts 2 and 3. See Holbrook v. United States, supra, 8 Cir., 1943, 136 F.2d 649, 652; Costner v. United States, supra, 4 Cir., 1943, 139 F.2d 429, 433; Dimenza v. Johnston, 9 Cir., 1942, 130 F.2d 465; Garrison v. Reeves, 8 Cir., 1941, 116 F.2d 978. Since the sentence on the first count, which he has fully served, was for the same length of imprisonment

as the concurrent sentences imposed on the second and third counts, appellant is now entitled to release from prison.

 It is true that the judge could lawfully have originally sentenced appellant to a maximum of three years on each of counts 2 and 3, to run consecutively, because, as above pointed out, those two counts stated separate and distinct offenses. Hence, it might be suggested that the district court, in the course of striking out the invalid sentence on count 1, should now be allowed to resentence appellant on counts 2 and 3. But it is quite plain that merely because the trial judge could have imposed consecutive sentences on counts 2 and 3 equal to the aggregate sentences which he actually imposed on invalid count 1 and valid counts 2 and 3, "the matter may not be treated as though he had done so." Miller v. United States, supra, 2 Cir., 1945, 147 F.2d 372, 374. It is too late to go back and start over again. The concurrent sentences on counts 2 and 3 were valid as originally imposed. Disregarding the invalid sentence under count 1, and attributing the time served to the sentences under counts 2 and 3, as must be done, it will be seen that appellant has fully paid the penalty, exacted by society through the sentence of a competent court, for the only offenses of which he was properly convicted. It would trench upon the double jeopardy clause if appellant were now faced with the possibility of an increase of the sentences imposed upon counts 2 and 3. See Ex parte Lange, 1873, 18 Wall. 163, .176, 21 L.Ed. 872; In re Bradley, 1943, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 500; Bozza v. United States, 1947, 330 U.S. 160, 167, note 2, 67 S.Ct. 645; Holbrook v. United States, 8 Cir., 1943, 136 F.2d 649, 652; King v. United States, 1938, 69 App.D.C. 10, 98 F.2d 291, 294, 295.

The order of the District Court entered October 31, 1947, is vacated and the case is remanded to that court with direction to enter an order vacating the sentence imposed on count 1 and crediting the time served thereon to the concurrent sentences imposed on counts 2 and 3, and to take further appropriate proceedings in conformity with this opinion. Since time is of the essence to afford appellant any good from our favorable judgment, we shall issue our mandate forthwith instead of withholding it for the usual period of thirty days, as provided in our Rule 35.

WOODBURY, Circuit Judge.

I concur in the result. I agree, although not without hesitation, that the government's motion to dismiss the appeal as untimely ought to be denied. And I agree with my associates' analysis of § 76 as describing three, not merely two, offenses. My difficulties are with respect to the proposition that the language of count 1 is insufficient to charge any offense.

In the first place I think it is too late at this stage of the proceedings in the case to consider the question of the sufficiency of the wording of any part of the indictment, particularly count 1. In the second place I think it very doubtful indeed that the phraseology of count 1 is not adequate to charge the offense defined in the first clause of the statute.

In United States v. Barnow, 239 U.S. 74, 80, 36 S.Ct. 19, 22, 60 L.Ed. 155, the Supreme Court said: "It is the aim of the section not merely to protect innocent persons from actual loss through reliance upon false assumptions of Federal authority, but to maintain the general good repute and dignity of the service itself." The second clause of this sentence was quoted by the Supreme Court with approval in United States v. Lepowitch, 318 U.S. 702, 704, 63 S.Ct. 914, 916, 87 L.Ed. 1091, decided in 1943, and in the latter case the court also said, again quoting the Barnow case, "Government officials are impersonated by any persons who 'assume to act in the pretended character.'" And then the court in the Lepowitch case goes on immediately to say "The most general allegation of impersonation of a government official, therefore, sufficiently charges this element of the offense." In view of this language and of the allegation in the "in that" clause of count 1 that the accused in his pretended character called Diaz on the telephone, I would hesitate a long time to say that the count as drawn does not sufficiently charge any offense under the statute. It seems to me that an "act in keeping with the pretense" and not merely a "false pretense with intent to defraud", to again quote the

Barnow case, is adequately alleged in the count.

But I see no occasion in the case at bar to consider the sufficiency of the language of the indictment at all. In my view the issue presented is adequately disposed of by pointing out that "If all the defendant has done by way of acting as such pretended official is to demand or obtain a valuable thing, it cannot be supposed that Congress intended to authorize the imposition of separate sentences, to run consecutively, upon a count charging the offense described in the first clause of § 76 and another count charging an offense under the second clause", and then proceeding to say: "Therefore, the court should not have imposed a separate sentence on count 1, and the time which appellant spent in the penitentiary under that sentence becomes legally referable to the concurrent sentences imposed on counts 2 and 3," and: "Since the sentence on the first count, which he has fully served, was for the same length of imprisonment as the concurrent sentences imposed on the second and third counts, the appellant is now entitled to release from prison."