UNITED STATES, Appellee,

v.

James P. BRAMBLE, Defendant, Appellant.

No. 90–2037.

United States Court of Appeals, First Circuit.

Submitted Feb. 4, 1991.

Decided Feb. 12, 1991.

Janis M. Berry, Boston, Mass., Joan McPhee and Ropes & Gray, Providence, R.I., on brief, for defendant, appellant.

Wayne A. Budd, U.S. Atty., and Ralph D. Gants, Asst. U.S. Atty., Boston, Mass., on brief, for appellee.

Before TORRUELLA, SELYA and CYR, Circuit Judges.

PER CURIAM.

The government moves for summary disposition of this appeal from the district court's revision of defendant's sentence, pursuant to a Rule 35 motion. We grant the motion for summary disposition and affirm the district court order dated October 9, 1990. We elucidate the facts only to the extent necessary to explain our decision.

The district court originally sentenced the defendant on a total of six counts (Counts I through V, and Count VII). For purposes of this appeal, we ignore details of the sentencing not pertinent to the issue presently raised by the defendant and can summarize the resultant sentencing as follows. On Counts I through III, the period to be served was a total of fifteen years concurrent. On Count IV, he was sentenced to fifteen years consecutive to the sentence on Counts I–III. On Count V, he was sentenced to fifteen years concurrent with the period on Count IV. On Count VII, he was sentenced to five years concurrent with the period on Counts IV and V.

For ease of reference, we set out this diagram and highlight in bold the particular count in issue.

COUNTS I–III 15 years concurrent with each other

COUNT IV 15 years consecutive to Counts I–III

**COUNT V 15 years concurrent with Count IV**

COUNT VII 5 years concurrent with Counts IV and V

As a result of a Rule 35 motion [1] filed by the defendant (the substance of which we need not address), the district court dismissed Counts I, IV, and VII. The court then revised the periods of imprisonment under the remaining counts as follows.

COUNT II–III 15 years concurrent with each other

**COUNT V 15 years "to be served on and after the period of confinement under Counts II and III."**

The defendant filed a notice of appeal and contends that the revision of the sentence with respect to Count V constituted a change from a concurrent to a consecutive sentence and that that is an impermissible enhancement.[2] The defendant cites numerous cases for the proposition that a court may not revise a determinate sentence on a standing count to correct illegalities in other counts.

Whatever the merits of this proposition, it is an area we need not explore[3], for the

1. It is that version of Rule 35, applicable to offenses committed prior to November 1, 1987, which pertains here.

2. Although we do not rest our decision on this ground, we note that, arguably, this issue is not properly before us, as it was not raised in the district court. The defendant's Rule 35 motion argued that, with respect to certain counts, he was impermissibly twice sentenced for the same offense. The motion further sought reconsideration of the sentence to a term, which, according to defendant, would be more in accord with the admittedly inapplicable Federal Sentencing Guidelines.

The district court granted the motion to the extent that it found that, with respect to certain counts, multiple sentences were unlawful. The district court rejected defendant's argument that it use the Guidelines by way of analogy. The defendant has no quarrel with either of these determinations but seeks review of the way in which the district court then implemented its ruling. Yet, insofar as we can tell, the defendant never sought reconsideration in the district court, raising the particular issue now pursued on appeal—that in revising the sentence in the wake of the dismissal of certain counts, the district court has, in defendant's version, impermissibly converted a concurrent sentence to a consecutive sentence.

3. Similarly, we express no views on defendant's suggestion that there exists conflict on this point between our decisions in *Ekberg v. United States*, 167 F.2d 380 (1st Cir.1948) and *Pugliese v. United States*, 353 F.2d 514 (1st Cir.1965), both of which arose from collateral Rule 35 proceedings, and *United States v. Pimienta–Redondo*, 874 F.2d 9 (1st Cir.) (en banc), *cert. denied*, —— U.S. ——, 110 S.Ct. 233, 107 L.Ed.2d 185 (1989), which arose from a direct criminal appeal.

defendant's underlying (and triggering) premise is wrong. The sentence, as originally imposed on Count V, was concurrent with the sentence imposed on Count IV. As such, it would commence when the sentence on Count IV commenced, i.e., on and after the sentence served on Counts I–III. The dismissal of Count IV did not change Count V from a concurrent to a consecutive sentence vis-a-vis Counts I–III (now Counts II–III). The sentence on Count V remains, as before, operative on and after the sentence on Counts II–III.

The defendant's reliance on *Ekberg v. United States*, 167 F.2d 380 (1st Cir.1948), is of no aid. In *Ekberg,* the defendant was sentenced to a term of two years and one month on each of three counts. The sentence on Count I was to be served. The sentences on Counts II and III were suspended sentences, concurrent with each other, but consecutive to the sentence on Count I, and the defendant was placed on a five year period of probation commencing upon completion of the service of sentence on Count I.

COUNT I 2 years, 1 month

COUNTS II–III 2 years, 1 month concurrent with each other, consecutive to Count I, suspended,

5 years of probation to commence upon completion of service on Count I

The defendant completed the service of the two year, one month term under Count I, was released, and, in accordance with the sentencing scheme for Counts II and III, was placed on probation. Subsequently, he violated probation and was committed to prison for service of the (previously suspended) concurrent sentences imposed on Counts II and III. On appeal from the denial of a Rule 35 motion, this court concluded that the district court should not have imposed a separate sentence on Count I, as it failed to charge an offense. Disregarding the invalid sentence under Count I, and attributing the time served to the sentences under Count II and III, the defendant was entitled to be released from prison.

In *Ekberg,* this court pointed out that the district court, originally, could have sentenced the defendant to consecutive three year terms on the valid Counts II and III, and, if it had done so, the defendant would not have been entitled to release. However, we said, to change the sentence on the valid Counts II and III from terms concurrent with, to consecutive to, each other, at the time of the Rule 35 motion, would have been an impermissible increase in punishment. The present defendant embraces this point to support his claim. As noted, however, the district court worked no change at all among the valid sentences remaining after dismissal of Count IV. Simply put, there was no change among valid sentences from concurrent to consecutive and, thus, no increase.

Moreover, in another way, far from "strikingly similar," as the defendant would have it, *Ekberg* does not support the result the defendant seeks here. Defendant Ekberg had two valid sentences, concurrent with each other, but consecutive to an invalid sentence. When the invalid sentence fell out, the valid sentences remained effective, but as the time imposed with respect to those valid sentences had already been served, Ekberg had fulfilled those terms. The present defendant has a valid sentence, tied to (i.e., concurrent with) an invalid sentence, but consecutive to a valid sentence. With the invalid sentence dropping out, the defendant seeks to drop with it the valid sentence as well, giving that valid sentence no effect, merging its fifteen year term of imprisonment with the other valid sentences, rewriting the valid impost, as it were, from a sentence concurrent with Count IV to a sentence concurrent with Counts II and III. *Ekberg* and other similar cases, cited by the defendant, do not support that result.

We need go no further. The defendant asks that we look at the labels on the sentencing package, not at its contents. Neither the Constitution nor the criminal law require that we elevate form over substance in so mindless a fashion. The motion for summary disposition is granted and the appeal is dismissed. Loc.R. 27.1.